BARDWELL ET AL., APPELLANTS, *v.* ANDERSON ET AL.,
RESPONDENTS.

[Argued July 11, 1892.  Decided February 6, 1893.]

MECHANIC'S LIEN — *Trial* — *Order of proof.* — In the trial of an action to foreclose a mechanic's lien it is not necessary to prove the filing of the lien before evidence can be offered that the materials entered into the construction of the building.

SAME — *Complaint* — *Sufficiency.* — A complaint on foreclosure of a mechanic's lien which alleges that the defendant contractor entered into an agreement with the defendant owners whereby the former furnished materials and erected a building upon certian described land of the latter and bought of plaintiff's assignor certain materials of an agreed value, "and which were used in and entered into the construction of said brick building aforesaid", sufficiently shows that the material was furnished for the building upon which the lien was claimed.

SAME — *Lien account* — *Sufficiency of items.* — It is no objection to a lien account that the price of each item is not shown where the aggregate price is given and the account is otherwise itemized with great particularity as to the various materials furnished so that it can be readily ascertained whether such materials were used in the structure and whether the prices charged therefor were reasonable.

SAME — *Same* — *Sufficiency of objection.* — An objection to the introduction in evidence of a lien account "that the paper purporting to be a lien is in no wise a charge upon the property described in the complaint and in the lien" will be disregarded on appeal as specifying no ground.

SAME — *Same* — *Objection on trial* — *When improper.* — An objection that the statute does not provide a lien for a subcontractor unless that subcontractor has a contract relation with the owner of the property, made to the introduction in evidence of a lien account, tendered by copy attached to the answer, presents the question whether the evidence offered by plaintiffs is sufficient in law to sustain a judgment in their favor which is a question that should be raised by demurrer or upon the summing up of the case and not while plaintiffs were attempting to prove the allegations of their complaint by competent evidence.

SAME — *Same* — *Same.* — An objection to the introduction in evidence of a lien account, which was made a part of the complaint, that there is nothing in said lien or account therewith filed which in any manner operates as a notice to the defendants, of the materials or the value thereof which are alleged to have been furnished for said building, presents questions which should have been raised by demurrer, or not having been so raised, should not be considered until the evidence is in, and the court applies the law to the facts shown.

SAME — *Inconsistencies between lien account and complaint.* — There is no inconsistency between the lien account and the complaint where the lien account stated a certain amount as per agreement and another amount as the reasonable value, and the complaint alleged the price of the goods furnished as being both the agreed price and the reasonable value.

*Appeal from Eighth Judicial District, Cascade County.*

Action to foreclose mechanic's lien.   Judgment was rendered for defendants below by BENTON, J.   Reversed.

*Thomas E. Brady,* for Appellants.

*Roberts & Baxter,* of Counsel.

The objection that "the statutes of Montana, under which this lien is supposed to have been filed, do not provide a lien for a sub-contractor unless that sub-contractor has a contract relation with the owner of the property," was fully decided by this court in *Merrigan* v. *English,* 9 Mont. 113, and needs no further discussion. The lien account was sufficiently itemized. (*School Dist. No.* 3 v. *Howell,* 44 Kan. 285; *King* v. *Smith,* 42 Minn, 286; *Leeds* v. *Little,* 42 Minn. 414; *Johnson* v. *Stout,* 42 Minn. 514; *Wetmore* v. *Marsh,* 81 Iowa, 677; *Ainslie* v. *Kohn,* 16 Or. 363; *Heston* v. *Martin,* 11 Cal. 41; *Brennan* v. *Swasey,* 16 Cal. 140; 76 Am. Dec. 507; *Selden* v. *Meeks,* 17 Cal. 128; *Anderson* v. *Seamans,* 49 Ark. 475; *Ricker* v. *Joy,* 72 Me. 106; *Howell* v. *Campbell,* 12 Phila. 388; *Knowlan* v. *Ellis,* 12 Phila. 396; *Manly* v. *Downing,* 15 Neb. 637; *Pool* v. *Wedemeyer,* 56 Tex. 287; *Lonkey* v. *Wells,* 16 Nev. 271; *Davis* v. *Hines,* 6 Ohio St. 473; *Gilman* v. *Gard,* 29 Ind. 291; *Bank of Charleston* v. *Curtiss,* 18 Conn. 342; 46 Am. Dec. 325; *Stuart* v. *Broome,* 59 Tex. 466; *Young* v. *Lyman,* 9 Pa. St. 449.) In *Black.* v. *Appolonio,* 1 Mont. 342, this court said that "the words a just and true account do not mean the exact account for which judgment may be entered, but an honest statement of the account by the party claiming the lien," and in that case the court laid down the principle that such a statute being remedial in its nature, should be liberally construed.

*John A. Hoffman* and *Cooper & Pigott,* for Respondents.

There is no allegation in the complaint or in the claim of lien stating that the material was furnished for the building upon which the pretended lien is claimed. The lien does not exist unless the material be furnished for the building. (Com. Stats. 1887, 5th div., § 1370); and unless the complaint plainly and explicitly avers that the material was so furnished for the building, it does not state a cause of action. (*Holmes* v. *Richet,* 56 Cal. 307; 38 Am. Rep. 54; *Bottomly* v. *Rector,* etc., 2 Cal. 90; *Houghton* v. *Blake,* 5 Cal. 240; *Fathman etc. Mill Co.,* v. *Ritter,* 33 Mo. App. 404.) The statute requires the material-man, who

claims a lien, to file a "just and true account of the amount due or owing to him." The language of the statute must be strictly pursued. The words "a just and true account" of necessity, contemplate an itemized statement (2 Jones on Liens, §§ 1416, 1417, and cases there cited), and it must necessarily follow that a just and true account of the amount due must be an itemized statement of the amounts due for each and every one of the different items or articles contained in any account. Unless the amount claimed for each distinct item is stated the claim of lien will be totally invalid. (*Noll* v. *Swineford*, 6 Pa. St. 187; *Lauman's Appeal*, 8 Pa. St. 473; Phillipps on Mechanics' liens, § 350. See also, *Busfield* v. *Wheeler*, 14 Allen, 139.) And such is the rule, in the case of sub-contractors who are given a direct lien. (*Russell* v. *Bell*, 44 Pa. St. 47; *Lee* v. *Burke*, 66 Pa. St. 346; Phillipps on Mechanics' Liens, § 349. See also, *Rude* v. *Mitchell*, 97 Mo. 365; Phillipps on Mechanics' Liens, §§ 337, 349, 357; *McWilliams* v. *Allan*, 45 Mo. 573.)

HARWOOD, J.—This is an action for judgment on an account, and to foreclose a lien for building materials alleged to have been purchased by defendant Anderson from plaintiffs' assignor, one F. M. Morgan, and used in the construction of a three-story brick block by said defendant Anderson, as contractor and builder, for defendants Collins and Lepley, on a lot in Great Falls, Cascade county, Montana, owned by the two last-named defendants, which building is known as the "Collins & Lepley Block."

The complaint in setting forth the allegations constituting plaintiffs' cause of action, tenders as an exhibit, attached to and made a part of the complaint, a copy of the lien account, with description of the property charged therewith, verified, and alleged to be of record in the office of the county clerk and recorder of said county. Defendants Collins and Lepley answered the complaint, and the trial ensued, whereat plaintiffs, to establish their cause of action, called, as a witness, Howard Crosby, county clerk and recorder of said county, who, after stating his said official position, identified the original lien account, verification, and description of the property charged therewith, as a document filed in said recorder's office at the

time stated in the filing indorsement thereon. The record recites that this paper "was then offered by plaintiffs to be marked for identification, and was received and marked 'Exhibit A.'" A second paper was also identified by said witness as of record in said recorder's office, filed of the date indorsed thereon. This latter paper purports to be an assignment of said lien account, on file in the recorder's office, as aforesaid, by Morgan, to plaintiffs; and the record shows that, after its identification by the recorder as one of the records of his office, said assignment was "offered to be marked for identification, and so received and marked 'Exhibit B.'" Thereupon said Morgan was called as a witness on behalf of plaintiffs, and, in answer to questions, testified as follows: "My name is F. M. Morgan. I resided in Great Falls during the year 1890. I was in the architect business, and also a dealer in special building materials. I know the building known as the 'Collins & Lepley Block,' in the city of Great Falls, Montana. It is situated on lots 8 and 9, block 366, Great Falls, Montana. To my own knowledge, defendant H. A. Anderson had the contract for the erection of that building, and had said contract from said Collins and Lepley. I bargained, sold, and delivered to said H. A. Anderson material for the construction of that building." Witness was then shown plaintiffs' exhibit marked "A," for identification, and said: "I have examined the schedule which forms part of the paper shown me, and recognize it to be a list of materials I sold Anderson for the building in question — the Collins & Lepley Block." The witness was then asked the following question: "State whether or not you know whether these materials ever entered into the construction of that building, and, if so, on what dates they were furnished to said building." Thereupon defendants objected to this question, "upon the ground that, before witness can testify that the materials went into the building he must show that he filed a lien upon this property. Objection sustained by the court, to which ruling defendants duly except." This ruling is assigned by plaintiffs, who are appellants here, as error.

The ground of the objection relates simply to the order of introducing proof, and on that score it does not appear to have any foundation whatever in reason. As a matter of logical and

orderly procedure in the proof, it would seem to be as appropriate to first show that the materials were furnished and used in the structure, and then show the filing of the lien, as to reverse the order of showing those facts. The furnishing of material must precede filing of lien, in order to make the lien applicable. The order of introducing proof, condemned by the objection, was the chronological order in which the facts must have arisen, if existing, and was the order in which such facts were alleged in the complaint. The record shows that the original lien account, on file in the recorder's office, had been produced by the recorder, proved as one of the records of said office, and "was then offered by plaintiffs, to be marked for identification, and was received, and marked 'Exhibit A,'" and was in the hands of the witness when the objection under consideration was interposed. The objection appears to be wholly capricious, and ought not to be sustained. The order of admitting proof rests in the sound discretion of the court, and that discretion is usually exercised to allow a deviation from a strictly logical order, if the exigency of the occasion demands it, or the convenience of witnesses or counsel would be subserved thereby, or waste of time avoided, and no disadvantage would result to the adverse party. What difference could there be in effect on the adverse party if the furnishing of the material was first shown, and then the filing of the lien? It should always be recognized that counsel bear an important part in the trial of an action, as advocates of litigants seeking justice at the hands of the court. In the arrangement of the case for trial, in the calling and interrogation of witnesses, the introduction of documentary evidence, the formation of findings and instructions to be asked for, the preparation for argument of the cause, and in the multitude of other cares which press upon counsel in the trial of a case, they have more important responsibilities to absorb their attention than to study whether each item of evidence, as produced, would meet the approval of the most punctilious critic of its logical sequence; and counsel have a right to complain when, in their attempt to present the cause of a suitor, objections are sustained by the court which have no foundation in reason or in fact, and which result only in embarrassment. It is observed that counsel for respondents do not

attempt to support the objection under consideration, or the ruling of the court thereon. The above-mentioned objection having been sustained, counsel for plaintiffs offered in evidence the lien account theretofore proved, to which objection was interposed on several grounds, only two of which appear to be relied on to support the ruling of the court sustaining that objection, and refusing to allow the lien account to be admitted in evidence.

The first point relied on to support such ruling, as appears from respondents' brief, is that "the complaint failed to state facts sufficient to constitute a cause of action against respondents, and they made timely objection to any evidence in the cause, upon that ground. There is no allegation of the complaint, or in the claim of the lien, stating that the material was furnished for the building upon which the pretended lien is claimed." The record shows no such ground stated in the objection to the admission of said lien account in evidence. Moreover, the complaint is not wanting in this respect. The complaint, among other allegations, alleges that "defendant H. A. Anderson, entered into a contract with defendants Timothy E. Collins and John Lepley to furnish the materials and erect upon the land herein above described a three-story brick building, known as the 'Collins and Lepley Block,' for them, the said defendants; and plaintiffs allege that in pursuance of said contract, so made and entered into by said Anderson, in the year 1890, and previous to the 27th of June of said year, the said defendant Anderson, did proceed to erect and construct said three-story brick block, known as the 'Collins and Lepley Block,' upon the land hereinbefore described; and, while so carrying out said contract, the said defendant Anderson did purchase of one F. M. Morgan, then of the city of Great Falls, Cascade county, Montana, windows, frames, stairs, doors, inside furnishing material, lumber, etc., for the purpose of erecting therewith the said brick block, and which were used in and entered into the construction of said brick building aforesaid, on the land hereinbefore described, of the value in the aggregate, and for the agreed and stipulated sum of two thousand six hundred and ninety-five and fifty-six one-hundredths dollars ($2,695.56)." Therefore the ruling of the court excluding

said lien account could not be sustained, on the ground that the complaint was insufficient in the respect urged, even if that had been made a ground of objection when the lien account was offered.

Respondents also urge that the lien account offered should be rejected as insufficient to constitute a lien, in that the same is not itemized as required by law. The lien account tendered by copy, as an exhibit to the complaint, is itemized with great particularity as to the various materials alleged to have been furnished. The account in question is a long one, and a portion will suffice to illustrate the whole of it in the respect mentioned. It commences as follows:

GREAT FALLS, MONT., DEC. 16, 1890.

*H. A. Anderson, Contractor for Collins and Lepley Block, lots 8 and 9, block 366, city of Great Falls, to Frank M. Morgan, Dr.*

Sept. 1, 1890.

8 windows, 4 lights 13″x42″x1⅜″, glazed, single strength.
2    "    4    "    14″x36″x "      "      "      "
1    "    4    "    14″x28″x "      "      "      "
1    "    4    "    20″x24″x "      "      "      "

Sept. 11, 1890.

3 windows, 4 lights 12″x30″x1⅜″, glazed, single strength.
2 sash    2    "    12″x13″x "      "      "      "
1   "    4    "    14″x13″x "      "      "      "

—And so continues, describing the several classes of materials, with apparently the same particularity throughout. The point, however, upon which respondents press their objection, is that the account does not show the price of each particular item. Near the close of the account is a statement as follows: " The foregoing, per price agreed, $2,585." Then follows a statement of other items of materials and prices, making a total of $2,695.56, the amount for which this suit is brought. We hold this account sufficiently itemized. It contains ample information to all parties concerned to enable them to investigate as to whether the materials set forth in the account went into the structure, and as to the reasonable value thereof. The items of materials alleged to have been furnished are so particularly set forth in said account that any person informed as to the reasonable value of such wares can readily ascer-

tain whether the aggregate price set down is just and reasonable. Therefore we cannot sustain the ruling of the court excluding said lien account on the ground that it is not sufficiently itemized.

Certain other alleged reasons for rejecting said lien account were stated in the objection thereto, but have not been urged on this appeal in support of the ruling of the court, nor do we deem those reasons pertinent or sufficient; but, inasmuch as it is uncertain upon what particular ground the court sustained the objection, and it being necessary to remand the case for trial, we will briefly notice the other alleged grounds of the objection, in the order set forth in the record.

The first is "that the paper purporting to be a lien is in no wise a charge upon the property described in the complaint and in the lien." This specifies no ground or reason for rejecting the account, and therefore, as an objection to the admission of evidence, it must be disregarded.

The second alleged ground of objection to the admission of the account in evidence is "because the statute of Montana under which said lien is supposed to have been filed does not provide a lien for a sub-contractor unless that sub-contractor has a contract relation with the owner of the property." This alleged ground is out of place as an objection to the admission of said lien account in evidence. It is asking the court, at this incipient stage of the case, to consider whether the evidence offered by plaintiffs is sufficient in law to sustain a decision in his favor, and not whether the evidence offered is relevant and competent to establish some material allegation of the complaint. If the law does not provide for a lien in favor of a sub-contractor unless he occupy the contractual relation mentioned, and on the close of proof no such relation had been shown, it would be time enough to raise that question on the summing up of the case. In offering in evidence the original lien account, tendered by copy attached to the complaint, as part thereof, the plaintiffs were simply attempting to prove the allegations of the complaint by competent evidence. If the complaint was insufficient in stating a case for a lien upon said property, that question of law should have been raised by demurrer.

The third alleged ground is that "the pretended lien is insufficient, because the same is not itemized, as required by law." And the fourth ground is like unto the third, namely: "Because the account attached to the pretended lien, and filed therewith, does not show the value, or reasonable value, of the items therein set forth." These grounds of objection have been already considered.

The fifth ground, as stated, is: "Because there is nothing in said lien, or account therewith filed, which in any manner operates as a notice to the defendants, or to either of them, of the materials, and the value thereof, which are alleged to have been furnished for said building." This ground of objection also raises a question of law as to the sufficiency of the lien tendered in the complaint; and the further question whether the law providing for liens requires such special notices as this ground of objection seems to contemplate. It would have been more appropriate to raise these questions by demurrer, inasmuch as the lien account filed in the office of the county recorder was made part of the complaint; but, not having been raised at that proper time, it is time enough to consider that question after the evidence is in, and the court comes to the consideration whether the law would apply a lien upon the facts shown. Objecting to the introduction of the alleged lien account in evidence on the fifth ground, and on some others stated, is no more than undertaking to say that plaintiffs cannot be allowed to prove the allegations of their complaint after time for demurrer has passed, and those allegations have been answered, and the issue thus raised is being tried.

The sixth alleged ground, as stated, is that plaintiffs "allege upon a contract, and the account filed with the notice of lien claims $2,585, as per agreement, and another amount, which makes $2,682, as the reasonable value." Plaintiffs allege in their complaint the price of the goods furnished as being the value thereof, and also as being the agreed price; and the facts pointed out by this ground of objection are not at all inconsistent with the allegations of the complaint. Judgment reversed, and cause remanded for trial.

*Reversed.*

PEMBERTON, C. J., and DE WITT, J., concur.