## M. AND M. L. MEYERS v. J. W. WOOD ET AL.

### No. 1043. Decided November 21, 1901.

**1.—Pleading—Admission—Demurrer.**

See pleadings under which a demurrer to a cross-bill filed by defendants against codefendants and their sureties was improperly sustained, the facts alleged in avoidance of such bill not being considered on the demurrer except so far as they were expressly admitted. (Pp. 68-70.)

**2.—Mechanic's Lien—Itemized Account.**

The account filed under article 3296, Revised Statutes, for fixing a lien for material furnished for a building, should bear some date to which the transaction can be referred, though the exact date of the delivery of each particular item need not be expressed. (Pp. 70, 71.)

**3.—Same—Insufficient Itemizing.**

Such claims as "bill of sash and doors, per contract, $640," and "bill of mill work (contract), $175," are insufficient, as an itemized account of material furnished, to fix a lien against the owner of property. (P. 71.)

Questions certified from the Court of Civil Appeals for the First District, in an appeal from Lamar county.

*J. C. Hodges* and *E. P. Scott,* for appellants.—The court erred in sustaining the general demurrer of Staggs & Pearson's bondsmen, Caviness and Wilson, to appellants' plea for judgment against said bondsmen. Appellants' plea set up a good cause of action against Staggs & Pearson and their bondsmen. While said plea showed that appellants had paid to Staggs & Pearson more than 75 per cent of the contract price for erecting the house, the said petition further alleged that by the terms of the contract with Staggs & Pearson, which was a part of the obligation of their bondsmen, the right to retain 25 per cent of contract price was a right exclusive to appellants and in no way violative of the contract entered into with Staggs & Pearson and their bondsmen. The contract was not made a part of the plea of appellants. Hence the court could not legally put appellants out of court on a general demurrer or over special exceptions. The court should have overruled the demurrer and heard proof as to the facts alleged in appellants' plea. Krause v. Tope, 78 Texas, 478.

*Hale & Hale* and *E. W. Fagan,* for appellees Wood & Hancock.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the First Supreme Judicial District have certified to this court the following statement and questions:

"In above styled cause, pending in this court on appeal from the District Court of Lamar county, the record discloses that appellees, J. W. Wood and J. H. Hancock, each brought suit against appellants, M. and M. L. Meyers, and Staggs & Pearson, a firm of contractors, to recover upon accounts for material furnished by appellees in the construction by said contractors of a building upon premises owned by appellants, and to establish and foreclose a materialman's lien upon said premises. By agreement of parties, the two suits were consolidated and tried as one, and the trial in the court below resulted in a judgment in favor of appellees for the amount of their respective claims. The appellants, in the court below, filed general and special pleas in defense of plaintiffs' suit and also filed cross-bill in which they sought to recover against Staggs & Pearson and their bondsmen, Caviness and Wilson, damages for the failure of said Staggs & Pearson to complete their contract for the erection of appellants' building in the time specified in said contract, and also to recover of said Staggs & Pearson the sum of $517 as overpayment on their said contract, which amount appellants claim to have paid said contractors by mistake. The cross-bill alleges that by the terms of said contract said defendants, Staggs & Pearson, agreed and covenanted to complete said building and have same ready for occupancy by the 15th day of November, 1899, but that said building had not yet been fully completed by said defendants in accordance with their said contract, and that no portion of same was ready for occupancy prior to the 2d day of February, 1900; that appellants had tenants ready to occupy said building on November 15, 1899, and that by the failure of said defendants to complete said building within the time specified and agreed upon in said contract, appellants had lost two and one-half months rent of same and had been thereby damaged in the sum of $175. This pleading also alleges the execution of a bond by the defendants, Caviness and Wilson, to secure appellants in the performance by said Staggs & Pearson of their contract undertaking, and the consequent liability of said Caviness and Wilson for the failure of said Staggs & Pearson to comply with their contract. It is further alleged in said cross-bill that the payments to the contractors were to be made on estimates made by W. B. Barry, the architect of said building, as the work progressed, the final payment 'to be made within ten days after the contract is filed.' This plea also alleges that appellants had, prior to the completion of said building, paid to the contractors and upon orders issued by them $517 in excess of the contract price of the building, the amount in excess of said contract price having been paid by mistake. In answer to this cross-bill, the bondsmen, Caviness and Wilson, filed general demurrer and also a special plea in which it is alleged that by the terms of the contract between appellants

and Staggs & Pearson, appellants 'were to retain in their possession 25 per cent of the contract price of said building until same was completed, that they have failed, neglected and refused to retain in their possession 25 per cent of the contract price of said building, but have, these defendants allege, paid to the contractors, Staggs & Pearson, a sum greatly in excess of 75 per cent of the contract price that they, under the contract, were authorized to pay them,' by reason of which said bondsmen claim to have been released from all liability. In reply to this' answer, appellants filed a supplemental answer which contains the following allegations:

" 'Defendants admit that they have paid to Staggs & Pearson more than 75 per cent of the contract price for the erection of said building. Defendants allege that the right to retain 25 per cent of contract price as expressed in said contract was and is a right exclusive to these defendants, and the payment of said amount in excess of 75 per cent was in no way violative of said contract and did not change the liability of the surety. And all of the amount paid by the defendants to Staggs & Pearson, except about twenty dollars, was used for labor and material in constructing said house and enabled Staggs & Pearson to do what they did on said building for a much less sum than they could have done but for said payments.'

"Upon this state of the pleading, the trial court sustained the general demurrer of the bondsmen, Caviness and Wilson, to appellants' cross-bill. Upon the trial in the court below, appellees introduced in evidence the accounts filed by them in the office of the county clerk for the purpose of perfecting their materialmen's lien. These accounts fail to show the dates upon which any of the items in the accounts were furnished the contractors. The Hancock account was sworn to on May 2, 1900, as shown by the certificate of the notary who took the affidavit, but none of the items in the account are dated and the affidavit does not show the date upon which any of said material was furnished. The Wood account bears the date of January 31, 1900, at the top of the first page, but no dates are given in the account showing when the various items were furnished, nor does the affidavit, which was made on April 30, 1900, show the date upon which any of the material was furnished. This account contains, among others, the following items:

" 'Bill of sash and doors per contract...............$640.00
" 'Feb. 3rd. To bill of mill work (contract) ........ 175.00'

"Appellants objected to the introduction of said accounts upon the following grounds:

" '1. Because of a material variance between the allegations in plaintiffs' petitions and the record evidence offered and admitted.

" '2. Because it does not appear from the bill of particulars when the material was furnished by plaintiffs in the construction of appellants' house.

" '3. Because it does not appear what material was furnished by plaintiffs.

" '4. Because said bills of particulars as shown by the record are not such as are required by the statutes of the State of Texas.'

"It was shown by parol testimony that said accounts were both filed in the office of the county clerk within the time prescribed by the statute, and that appellee Wood gave appellants written notice at the time the several items in his account were furnished and appellee Hancock had delivered appellants a copy of his account before same was filed. No itemized statement showing the items comprised in the bill of sash and doors, $640, and bill of mill work, $175, was ever presented to appellants, but it was shown that Barry, the architect and agent of appellants, prepared from the details of the building contract a list of the various articles included in this bill and same was ordered by Wood for Staggs & Pearson in bulk and was so charged to them.

"Upon this statement of the pleadings and evidence, we respectfully submit the following questions for your decision:

"1. Did the trial court err in sustaining the general demurrer of the bondsmen, Caviness and Wilson, to appellants' cross-bill?

"2. Was it error for the trial court, over appellants' objections, to admit in evidence, for the purpose of fixing a lien in favor of appellees upon the building and premises of appellants, the two accounts filed in the county clerk's office before described?"

We answer the first question, that the court erred in sustaining the general demurrer to appellants' cross-bill.

The demurrer of Caviness and Wilson did not place the allegations of their answer before the court as true. Neither did the cross-bill admit those allegations, nor was the contract set out nor made part of the bill. The allegations of the cross-bill showed a good cause of action, to which the terms of the contract alleged could be applied as a defense by proof.

To the second question we answer that Hancock's bill and the two matters specially stated in the statement as appearing in Woods' account should have been excluded by the court.

The determination of the question submitted depends upon the construction of the term "itemized account," as used in article 3296 of the Revised Statutes, which, so far as it affects this question, reads as follows: "Any person, firm or corporation who may furnish any material to any contractor, * * * to be used in the erection of any house, * * * by giving written notice to the owner or his agent of such house, * * * of each and every item furnished, and by showing how much there is due and unpaid on each bill of lumber or material furnished by said lumberman, corporation or materialman under said contract, at any time within ninety days after the indebtedness shall have accrued, may fix and secure the lien provided for in this chapter as to the material furnished at the time or subsequent to the giving of the written notice above provided for, by filing in the office of the county clerk of the county in which such property is situated, * * * an itemized account of his or their claim, as provided in this article, and cause the same to be recorded in a book

kept by the county clerk for that purpose." The law formerly in force in Texas upon this subject used, instead of "itemized account," the term "bill of particulars," which we think is practically the same. In the case of Ferguson v. Ashville & Simpson, 53 Texas, 250, this court said: "Our statute does not prescribe the requisites of the bill of particulars, and although no precise rule can be laid down which would apply to every case, it may be safe to say that it should be reasonably certain as to the character and amount of materials furnished and the work performed, the dates and place when thus furnished and performed, and the value of the same." Under this definition, there must be some date to which the transaction can be referred. The exact date of the delivery of each particular item need not be expressed (Stuart v. Broome, 59 Texas, 468), but an account without a date would leave the owner with no means of ascertaining with any certainty whether the transaction came within the limits of the contract he had with the builder. Hancock's account had not date whatever, and therefore was fatally defective as a means of fixing the lien of the materialman upon the property. The account of Woods had a date at the top of the first page, and if the items which were properly specified were such as might have been delivered on the same day, it can not be said as a matter of law that they were not delivered upon the date given, and if that appear to be the state of the account, then, so far as the specified items can be referred to the date given, the account should be held admissible in evidence.

The two matters in Woods' account stated thus,—

"Bill of sash and doors per contract...............$640.00
"Feb. 3rd. To bill of mill work (contract)....... 175.00"

do not come within the terms of an itemized account or bill of particulars in the fact that it does not specify how many sash or doors were delivered, nor what was the work done by the mill, nor the value of any one of the items. This statement is wholly insufficient to fix a materialman's lien as specified in the statute.

This is not a case of the contract made by the materialman with the owner of the property, in which case it would be sufficient to state the thing contracted for and the amount of the contract price (Pool v. Wedemeyer, 56 Texas, 298); but in a case like this, a man's property can only be subjected for the value of the material furnished or the labor performed, and the owner is not bound by the terms of a contract made between the builder and materialman.

The question as to whether this record was necessary to the lien in this case is not before this court and is not decided.