## UNION INDEMNITY CO. v. ROCKWELL.
### No. 1616—6029.

Commission of Appeals of Texas, Section A.
Feb. 15, 1933.

Cox & Hayden, of Abilene, for plaintiff in error.

Butts & Wright, of Cisco, for defendant in error.

SHARP, Judge.

In September, 1928, W. W. Johnston entered into a contract with the Cisco independent school district for the construction of a ward school building in the city of Cisco and gave a bond with the Union Indemnity Company, as surety, to secure the performance of the contract. The bond was given to meet the requirements of article 5160, R. C. S., as amended by Acts 1927, 1st Called Sess., c. 39, § 1. Johnston completed the building; it was accepted by the school district and final payment therefor made to him on March 8, 1929. The entire amount of such payment was applied by Johnston on debts contracted by him in the erection of the building.

Jack Winston, a subcontractor, entered into a verbal contract with Johnston to install the entire plumbing for the school building for the sum of $1,875. The sum of $650 was paid thereon, leaving a balance unpaid of $1,225. He attempted to comply with article 5160 by filing a verified claim for the unpaid amount with the county clerk of Eastland county. Winston afterwards, for a valuable consideration, assigned his claim to J. M. Rockwell. Rockwell sold and delivered to Johnston a large amount of building material for use in the building. This amounted to something like $10,000. There remained unpaid of this amount a balance of $350.75. He attempted to comply with article 5160 and sought judgment against Johnston and the Union Indemnity Company for that amount and also for the sum of $1,225 claimed by Winston which had been assigned to him.

Judgment was rendered by the trial court in favor of Rockwell and against Johnston and the Union Indemnity Company for the sum of $1,707.05. Johnston did not appeal. The Court of Civil Appeals held that Rockwell was not entitled to recover judgment against the Union Indemnity Company for the sum of $365.40, being a part of the material that he had furnished Johnston, and reduced the judgment of the trial court to the sum of $1,331.65, and as so modified the judgment of the trial court was affirmed. 38 S.W.(2d) 821. We refer to the opinion of the Court of Civil Appeals for a more detailed statement of the case.

The errors complained of in the application for writ of error relate solely to the construction of article 5160 by the Court of Civil Appeals. Plaintiff in error contends that the court should have held that the affidavit filed by Winston did not comply with the provisions of article 5160 and therefore his claim was not secured. On the other hand, it is contended by defendant in error that the contract made by Winston was for a gross amount and for a complete or turnkey job, and that it was not necessary to file an itemized account of the labor and material furnished by him in installing the plumbing in order to secure the payment thereof as required by the terms of that article.

The facts show that Johnston made a contract to construct a school building for the Cisco independent school district and gave a bond as required by statute with the Union Indemnity Company, as surety, to fulfill the terms of the contract; that Winston, a subcontractor, made a verbal contract with Johnston to furnish all labor and material and install the plumbing in the building for the sum of $1,875; that it was a turnkey job;

that he did furnish all labor and material and did install the plumbing as he contracted to do; that he had been paid thereon the sum of $650 and for the remainder of $1,225 he filed an affidavit for the purpose of giving notice and securing his claim as provided by law. The pertinent parts of the affidavit filed by Winston read as follows:

"That on or about the 20th day of September, 1928, he (Winston) made and entered into a contract with W. W. Johnston for the furnishing of all labor and material to be used in the plumbing of a school building for the Cisco Independent School District on Block No. 58, in the City of Cisco, Eastland County, Texas, the contract price being the sum of $1,875.00, said contract being a verbal contract and for what is commonly known as a turnkey job. That he duly and seasonably furnished all of said labor and material, and prior to February 6, 1929, did furnish the labor and material for what is commonly known as the roughing in for which he was paid the sum of $650.00, and on February 6, 7, 8 and 9th days of February, 1929, started setting fixtures and connections in said building, and did during the weeks commencing February 11, 1929, and terminating on February 23, 1929, install all of the fixtures and complete said plumbing job, as provided for in said contract, and did in every way and respect fully carry out and perform each and every covenant of his said contract.

"That with the exception of said sum of $650.00, which was paid on or about the 15th day of November, 1928, no part of said sum of $1,875.00 has been paid and there remains unpaid and due and owing to affiant the sum of $1,225.00, which came due and payable on the completion of said work, that is on the 23rd day of February, 1929, and that said balance is just, due and unpaid."

Winston's claim arose under article 5160, as amended in 1927. This article provided that a contractor entering into a formal contract with a school district for the construction of any public building shall be required, before commencing such work, to execute the usual penal bond, that such contractor shall promptly pay for material and labor supplied him in the prosecution of the work provided for in the contract. The act further provides: " * * * That no person, or persons, firm or corporation shall be secured in the payment of any claim contracted prior to the execution of the contract that said bond is given to secure, and provided further that all claims for labor shall be itemized and sworn to by the owner or his authorized agent and filed with the contractor or with the county clerk of the county in which said work is being prosecuted within thirty days from the date that said claim accrued and became payable, and all claims for material shall be itemized and sworn to by the owner or his authorized agent and filed with the contractor or with the county clerk of the county in which said work is being prosecuted within thirty days from the date of the delivery of said material; and any claim filed after said thirty days shall not be secured by said bond."

Does the affidavit filed by Winston meet the requirements of the foregoing article in order to secure the payment of the claim asserted by him? Winston had no contract with the Cisco independent school district; he asserts his claim by reason of his contract with Johnston. Whatever security he or his assignee might claim against the surety is created purely by statute. Article 5160, as enacted in 1913, did not require that the claim for labor and material furnished be itemized and verified. In 1927 the Legislature amended this article so as to require the claim to be itemized and sworn to.

In some jurisdictions the rule is announced that where the work was done or the materials furnished under an entire contract to do or furnish the same for a gross sum, it is not necessary that claimant should itemize his account in his statement. 40 C. J. p. 242, § 293bb, and cases cited in notes. But the foregoing rule does not prevail in this state. Our courts hold that, at least where the claimant is a subcontractor, it is necessary that the claim or statement should contain an itemized account of the work done and materials furnished for the building. Meyers v. Wood, 95 Tex. 67, 65 S. W. 174; Ferguson v. Ashbell, 53 Tex. 245. In construing statutes involving analogous principles, our Supreme Court, after an exhaustive review of authorities, has reiterated the foregoing rule. Ball v. Davis, 118 Tex. 534, 18 S.W.(2d) 1063; McClellan v. Haley (Tex. Com. App.) 250 S. W. 413.

When we construe the affidavit made by Winston in the light of article 5160 and the decisions of the courts of this state, it is plain that the affidavit is insufficient to meet the requirements of the law. It is not an itemized statement for labor performed or materials furnished, but is merely a statement of the gross amount due for both labor and material. The Legislature has provided how these claims may be secured, but the statute must be strictly complied with. Winston could have secured his claim against the surety for labor and material furnished had he complied with the provisions of the statute, but since he did not do this his claim is not enforceable against the plaintiff in error.

We therefore recommend:

(1) That that part of the judgments of the trial court and Court of Civil Appeals wherein Rockwell recovered a judgment against the Union Indemnity Company for $1,225, the amount claimed by him as assignee of Winston, be reversed, and that judgment be entered herein that as to that item and

amount Rockwell recover nothing against the Union Indemnity Company.

(2) That the judgment of the Court of Civil Appeals in all other respects be affirmed.

CURETON, Chief Justice.

The judgment of the Court of Civil Appeals is reversed and rendered in part and affirmed in part, as recommended by the Commission of Appeals.