ORMSBY CHEVROLET CO. v. WHITE et al.

No. 2344.

Court of Civil Appeals of Texas. Beaumont.

May 4, 1933.

Wm. H. Russell, of San Antonio, for appellant.

Terrell, Davis, McMillan & Hall and Kampmann & Burney, all of San Antonio, for appellee.

WALKER, Chief Justice.

This is a garnishment suit instituted by appellant Ormsby Chevrolet Company, garnishor, against F. A. Hornaday, garnishee. On the 13th of December, 1927, Hornaday contracted with Tibey Construction Company, a partnership, to build and construct to completion for him two gas pipe lines for the sum of $31,405. Tibey Construction Company contracted with T. H. White, of Oklahoma City, Okl., to finance the contract for them and to secure him in his advancements assigned him all money due under the contract with Hornaday, and this assignment was duly accepted by Hornaday. White furnished the necessary funds, more in amount than the contract price, and after the contract was completed and Hornaday had settled all claims against the pipe lines which he considered legal and just and for which he was liable, he was due a balance of $3,318.24. Tibey Construction Company sublet a portion of the construction work to James M. Lochausen. On December 17, 1927, Ormsby Chevrolet Company furnished Lochausen the sum of $500 in money and sold him two Chevrolet automobiles and one Chevrolet truck, to assist him in the performance of his contract. The money and the purchase price of the automobiles amounted to $2,530.28, for which sum Lochausen executed to Ormsby Chevrolet Company his note, signed by him as principal and W. A. Stevens and L. S. Wilburn as sureties, or indorsers. Later Tibey Construction Company accepted an assignment from Lochausen in favor of Ormsby Chevrolet Company for $1,480.28, to be applied as a credit on this note; but this assignment was not paid. After maturity of the note, Ormsby Chevrolet Company instituted suit thereon and on the 9th day of March, 1931, recovered judgment against Lochausen and his sureties for $2,418.21, and against Tibey Construction Company for $1,480.28. On the 30th day of April, 1928, Ormsby Chevrolet Company made the following affidavit, stating that it had furnished the money and motor vehicles to Lochausen, and on May 3, 1928, filed this affidavit with the county clerk of Howard county, Tex., wherein the pipe lines were being constructed:

"The State of Texas, County of Bexar

"L. D. Ormsby, being first duly sworn on his oath says:

"1. That he is the President of Ormsby Chevrolet Company, a corporation duly incorporated under the laws of the State of Texas, domiciled at San Antonio, Bexar County, Texas, and that he is cognizant of the matters herein set forth, and authorized to make this proof.

"2. That on or about December 17th, 1927, the said Ormsby Chevrolet Company furnished to J. M. Lochausen certain monies and automobiles to enable the said J. M. Lochausen to perform a certain contract for the construction of a certain pipeline in Howard County, Texas, such money being the sum of $500.00, advanced in cash, and such automobiles being as follows:

"One Chevrolet Automobile, Motor No. 3756124

"One Chevrolet Automobile, Motor No. 3430258

"One Chevrolet Truck, Motor No. T–3683893

"3. That there is just, due and unsatisfied the reasonable sum of $2530.28 principal, together with interest and attorneys fees thereon after all just and lawful credits, offsets and payments have been allowed.

"4. That said money and machinery (automobiles) were furnished by said Ormsby Chevrolet Company, to be used in the construction of a certain pipe line, owned as affiant believes by F. A. Hornaday of San Antonio, Bexar County, Texas under and by virtue of a contract between the said Ormsby

Chevrolet Company and the said J. M. Lochausen, and that notice to the said owner has been given in writing of the furnishing of such money and machinery, and of the amount due.

"5. (Here follows a detailed description of the pipeline in controversy, by metes and bounds, which, for the sake of brevity, we omit and refer to the Transcript at page 38.)

"All of the above lines except No. One being in the City of Big Springs, Howard County, Texas, and where reference is made to Blocks and streets in describing above lines Two to Nine inclusive, reference is made to the map or plat of Big Springs, Texas, in official use in the said City.

"The Ormsby Chevrolet Company claims a lien upon the above described pipelines and the rights of way therefor, as provided by the Constitution, Statutes and Common Law of the State of Texas.

"This 30th day of April, A. D. 1928.
"Ormsby Chevrolet Company
"By L. D. Ormsby,
"President.
"The State of Texas, County of Bexar

"Sworn to and subscribed before me by L. D. Ormsby, acting for and on behalf of Ormsby Chevrolet Company, this 30th day of April, A. D. 1928. W. H. Omer, Notary Public in and for Bexar County, Texas."

This affidavit was duly recorded by the county clerk "in the M.M. L. records of said county in Vol. 6, on pages 100–101." In connection with filing its suit against Lochausen and his sureties and Tibey Construction Company, Ormsby Chevrolet Company, as garnishor, filed this suit against F. A. Hornaday, as garnishee, alleging that garnishee was indebted to Lochausen and Tibey Construction Company, or had effects in his hands, etc., and by supplemental petition pleaded that it had furnished the $500 in money and the three motor vehicles to Lochausen to be used by him in the execution of his subcontract. The affidavit copied above was specially pleaded and made a part of garnishor's petition. By reason of the facts thus pleaded, garnishor claimed a lien against the pipe line superior to the assignment of T. H. White. Hornaday filed the statutory answer, denying liability to Lochausen and Tibey Construction Company, and specially pleaded his contract with Tibey Construction Company, the assignment to White, the acceptance by him of the assignment, and asked that White be made a party to the suit. He also claimed reasonable attorney's fees, as garnishee, against Ormsby Chevrolet Company. Though White lived in Oklahoma, he intervened herein and claimed the balance of the contract price due by Hornaday under his contract with Tibey Construction Company. The case was tried on the 22d of June, 1931. The court sustained the general de-

murrer of White and garnishee, Hornaday, against the supplemental petition of garnishor, claiming a lien against the pipe line to the extent of the $500 furnished Lochausen and the cost price of the three motor vehicles sold to Lochausen. On the facts judgment was entered in favor of White against Hornaday for the balance of the contract price of the pipe line in the sum of $3,318, but denied him judgment for any damages growing out of the loss of the use of the money awarded him. Judgment was in favor of garnishee, Hornaday, against garnishor, Ormsby, on his answer, and for attorney's fees in the sum of $250. The appeal was by Ormsby Chevrolet Company to the San Antonio Court of Civil Appeals, transferred to the Austin Court and to this court by orders of the Supreme Court.

## Opinion.

Appellant makes no claim to the funds retained by appellee Hornaday except upon the theory that it acquired a lien against the pipe line by reason of filing its affidavit, as copied above, showing the loan of the money and the sale of the automobiles to subcontractor Lochausen. The general demurrer was properly sustained on the theory that this affidavit was fatally defective and was insufficient to make appellant's claim a statutory lien against the property described in the affidavit. Appellant claims its lien under articles 5473–5479, R. C. S. 1925, constituting chapter 3 of title 90, subject Liens. Article 5476 provides that the liens provided by these articles shall be fixed, secured, and notice given, and that they shall attach and be enforced in the same manner and the materialman's statement shall be filed and recorded within the same time and the same manner as provided by chapter 2 of title 90, on Liens. Article 5453, subdivision 3, of chapter 2, provides that the contractor furnishing material shall give written notice to the owner or his agent "of each and every item furnished and showing how much there is due and unpaid on each bill of * * * material furnished * * * and shall file with the county clerk of the county in which such property is located * * * an itemized account of his or their claim, to be recorded by such clerk in a book kept for that purpose." Construing article 5453, Chief Justice Cureton, speaking for the Supreme Court, in Ball v. Davis, 118 Tex. 534, 18 S.W.(2d) 1063, 1064, said: "The statute (article 5453) requires the account to be itemized. The term used means that the account must be set out by items." See, also, Ferguson v. Ashbell, 53 Tex. 245; Myers v. Wood, 95 Tex. 67, 65 S. W. 174; Hardin v. McCarthy (Tex. Civ. App.) 55 S.W.(2d) 1099; Owen v. Griffin (Tex. Civ. App.) 34 S.W.(2d) 333; Burk Burnett-Mann Oil Co. v. Robertson (Tex. Civ. App.) 240 S. W. 1046. Not only do the articles of the statute above cit-

ed, as construed by the authorities cited, require that the account be set out item by item in the affidavit, which was done in the affidavit in controversy, but that the affidavit must show the cost price of each item therein listed, which was not done. Three motor vehicles were listed in the affidavit, but the cost price of neither was shown and no data was given by which this fact could be ascertained. Thus, though it was shown that $500 in money was furnished and that the sum of $2,530.28 was still due "after all just and lawful credits, offsets and payments have been allowed," no statement was made as to the amount of such credits, offsets, and payments. Without this data there is no way to calculate the cost of the three motor vehicles, and this data was absolutely essential to the sufficiency of the affidavit. Since this defect in the affidavit is sufficient to support the ruling on the general demurrer, we pretermit a discussion of the other defects urged by appellees; also, we pretermit a discussion of appellant's proposition that these motor vehicles, though a part of the general equipment of the subcontractor, and not actually incorporated in the improvements made by him, constituted such machinery as would support a lien in his favor under articles 5473–5479, cited above. The court did not err in rendering judgment against appellant in favor of appellee Hornaday for attorney's fees in the sum of $250. The point made against this judgment is that Hornaday made himself a party to the litigation and that he used the services of the attorney in his general defense. The facts are that Hornaday admitted a certain liability upon his contract with Tibey Construction Company, and asked that White be made a party to this suit; White voluntarily intervened without service, claiming about $600 more than admitted by the answer of Hornaday; White and Hornaday, without any controversy in court, checked through Hornaday's accounts and agreed upon the exact amount due. In rendering judgment in behalf of Hornaday for his attorney's fees, the court made the following fact conclusions, which have support in the record, and which support the judgment on the issue of attorney's fees: "The Court further finds and is of the opinion that garnishee has filed herein two answers, as required by law, and it appearing to the Court from such answers and the Court finds that said defendant garnishee is not indebted to the defendants, James M. Lochausen, W. A. Stephens, L. S. Wilborne, Tibey Construction Company, a co-partnership, J. J. Tibey, F. L. Tibey, E. A. Tibey and W. A. Tibey, in the action of Ormsby Chevrolet Company vs. James M. Lochausen, et al, No. B–49739 in this Court, or any or either of them, and was not when the two writs of garnishment were served on him, or at any time, indebted to said defendants, or any or either of them, and that he has not, in his possession, any effects of said defendants, or any or either of them, and had not, when the writs were served, and the Court further finds that the law and evidence are in favor of the defendant garnishee, F. A. Hornaday, and against plaintiff, and finds that garnishee should be discharged with his costs, including a compensation of $250.00 allowed as attorney's fees for garnishee having been compelled and required to file two answers herein, which should be taxed as costs against plaintiff."

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.