## ROYAL INDEMNITY CO. v. AMERICAN DISTRICT STEAM CO.

### No. 8113.

Court of Civil Appeals of Texas. Austin.

Nov. 20, 1935.

Rehearing Denied Dec. 18, 1935.

Bryan, Stone, Wade & Agerton, and B. G. Mansell, all of Fort Worth, and J. T. Noonan, of New York City, for appellant.

Norman D. Fish, of North Tonawanda, N. Y., and Hart, Patterson & Hart, of Austin, for appellee.

McCLENDON, Chief Justice.

This is a materialman's lien suit brought under R.C.S. art. 5160, as amended in 1929 (Acts 41 Leg. p. 481, c. 226, § 1 [Vernon's Ann.Civ.St. art. 5160]). The suit was by the steam company (appellee), a subcontractor, against Osburn, the contractor (who has not appealed), and his bondsman, the indemnity company (appellant), for material furnished Osburn for use in completing a contract with the University of Texas to furnish the labor and material required to install a steam heating distribution system on the campus of that institution.

The appeal presents three questions:

1. Whether the claim filed with the county clerk satisfied the statute as to itemization by giving only the agreed lump-sum price for the entire list of articles furnished; the claim being otherwise in full compliance with the statute as to itemization.

2. Whether the indexing by the county clerk was sufficient.

3. If not, whether indexing is essential to fix the lien.

The facts are undisputed. In so far as pertinent to the first question they are:

The steam company's bid contained an itemized list of articles with a stated price for each article, aggregating $3,600.62, but offering to accept a lump sum of $3,450 if the entire list was purchased. This offer was accepted, and the material furnished thereunder. The claim filed with the county clerk contained a full itemization of each article, which is conceded to be sufficient, except that a designated price for each article was not given, but only the lump-sum price of $3,450.

The exact point thus raised is one of first impression in this state. So far as our research has disclosed, among states requiring itemization of lump-sum claims under statutes similar to our own, only four have passed upon it: Missouri (Grace v. Nesbitt, 109 Mo. 9, 18 S.W. 1118, 1120); Montana (Bardwell.v. Anderson, 13 Mont. 87, 32 P. 285, 287); Pennsylvania (Willson v. Canevin, 226 Pa. 362, 75 A. 666, 667); West Virginia (Hough v. Watson, 91 W. Va. 161, 112 S.E. 303, 306). Uniformly the holding in these jurisdictions is that where the contract is for a lump sum the statute regarding itemization is satisfied by listing separately the items and stating the lump sum agreed upon without assigning a price or value to the separate items.

Appellant relies in the main upon the following cases: Union Indemnity Co. v. Rockwell (Tex.Com.App.) 57 S.W.(2d) 90, 91; Hardin v. McCarthy (Tex.Civ.App.) 55 S.W.(2d) 1099; Ormsby Chevrolet Co. v. White (Tex.Civ.App.) 60 S.W.(2d) 517, 519. In none of these cases was the question of itemization of price, as distinguished from articles, involved. In the Rockwell Case the claim stated that the claimant "did furnish all labor and material and did install the plumbing" under a turnkey job contract. There was. nothing to show what articles were furnished or what labor performed. In the Hardin Case the claim listed four cars of cement at a designated price for each car, but did not give the quantity of cement in each car, or in gross. In the Ormsby Case two Chevrolet automobiles and

one Chevrolet truck were listed, but the price neither separately nor in gross was given. The amount claimed was stated as the balance due after deducting all credits without indicating the amount of the credits. "Without this data," the opinion reads, "there is no way to calculate the cost of the three motor vehicles, and this data was absolutely essential to the sufficiency of the affidavit."

Some of the language employed in the Rockwell opinion, if considered in the abstract, might be broad enough to embrace appellant's contentions. This language, however, must be construed in the light of the record then before the court, in order to ascertain the court's decision. Reference in the opinion to the conflict in authority in 40 C.J. p. 242, § 293bb, is urged in support of appellant's contention. This conflict, however, is upon the necessity for any character of itemization where there is a lump-sum bid. The necessity for itemizing the price in lump-sum bids where the articles are itemized is treated in 40 C.J. p. 245, § 296ee. No conflict is noted upon this point, the authorities holding as above stated.

■ The lien being a creature of the statute, strict compliance with its provisions is required. Rockwell Case, supra. This simply means that the things required by the statute must be done in a manner that will accomplish the objectives of the statute in prescribing their doing. Specifically: "The sufficiency of the itemization must be determined, in view of the objects and purposes of the statute. The evident purpose of the statute here involved is to provide the owner of the property with such particulars as will enable him to ascertain whether or not the account is correct, and show the facts necessary to the establishment of a lien, not only for the benefit of the owner, but of third parties as well, who may be or might become interested or affected thereby." Ball v. Davis, 118 Tex. 534, 18 S.W.(2d) 1063, 1064.

The purpose of itemization is thus stated in the West Virginia case, above: "The evident purpose of requiring an itemized account to be served by a sub-contractor on the owner is that the latter may be able to check up the account with reference to the material and labor furnished, and to determine therefrom whether they actually went into the building or other structure contracted for. The price of each item is not important, if the aggregate of the whole is

shown, and where, as in this case, the price was not by the piece or day, but for the aggregate of particular lots of material, it would hardly be possible to segregate and apply the sum total in that way to each item of material."

This from the Pennsylvania case, above: "The statement gives the owners a detailed account of the various items of materials furnished, the total of the price to be paid, and the kind of materials furnished. This is all the information he needs to enable him to deal intelligently with the contractor and protect himself. He can readily ascertain, if he desires to know, whether or not the contract price was exorbitant and beyond the fair value of the materials agreed to be furnished. If he desires, he can have a price put upon each item of the material furnished by a person competent to value it, and in that way determine whether the sum total is exorbitant. While the price agreed to be paid was a lump sum, the various items of the materials furnished are specifically set forth in the statement. This differentiates it from the case where the items and character of the material are not given and the price is a lump sum. In such case the statement would not be sufficient because it would not enable the owner to ascertain the fair value of the materials furnished for which only is he liable."

And this from the Montana case, above: "The items of materials alleged to have been furnished are so particularly set forth in said account that any person informed as to the reasonable value of such wares can readily ascertain whether the ●aggregate price set down is just and reasonable. Therefore we cannot sustain the ruling of the court excluding said lien account on the ground that it is not sufficiently itemized."

The Missouri case gives a clear statement of the grounds upon which its holding is rested: "The purpose of the statute in requiring an account of the demand due to be filed was evidently to advise the owner, as well as creditors and purchasers, of the amount of the lien claimed against the property; that the correctness and justice of the demand might be investigated; and that the owner might be able to retain from the contractor enough of the contract price to discharge the claim. It is evident that when the demand claimed to be due, after allowing all just credits, is given, and the items of materials furnished are set out sufficiently in detail to allow an investigation of the reasonableness of the charges made,

and to indicate whether the account is for materials for which the statute gives a lien, the purpose of the statute, in respect to the substance of the account, has been substantially complied with. That the account filed in this case was in substantial compliance with the statute according to its reasonable intent we think clear. The law was not intended to curtail or restrict the rights of persons in purchasing material, or making contracts, so as to prevent them from making advantageous purchases in bulk, or from letting the work or materials, or any part of it, to the lowest bidder. Nesbit, the contractor, purchased the entire bill of the materials contained in the first count for one sum. The purchase in this manner may have been to his advantage. His liberty to make advantageous contracts should not have been restrained by an unreasonably strict construction of the statute. The law allows no speculation against the owners, and, in case the liability of the contractor for materials is thrown upon him or his property, he gets the benefit of any bargain in the purchase. The materials were bought in a lump, for an entire price, and this appears from the account filed. In such case no detailed statement of the values of items could have been given more accurately than as an estimate which could have been made as well by the owner. What the owner wanted to know was the price paid, so he could not be charged more."

■ Appellant recognizes the force of this reasoning, but contends that the statutes require an itemization of the price, and that this requirement may be met by assigning a price to each article under a lump-sum bid. Article 5160 requires that claims "shall be itemized and sworn to as required by Statutes as to mechanic's lien claims." The pertinent provisions of these are contained in article 5453, subd. 3, and article 5456. The former requires notice to the owner "of each and every item furnished and showing how much there is due and unpaid," and filing with the county clerk "an itemized account of his or their claim." Article 5456, which prescribes the form of affidavit to the claim, requires averment to the effect that "the annexed is a true and correct account of the * * * material furnished," and that "the prices * * * set forth in the annexed account are just and reasonable," etc. There is no express requirement for itemization of price. It is quite apparent, we think, that price is not used in the statute as synonymous with value. It means,

in this connection, the amount charged the purchaser. Where there is no agreement as to price, it would be the market or reasonable value. But in case of express agreement as to price, the agreed amount, irrespective of value, would control and be binding upon the contracting parties. Others would be bound thereby only to the extent that the prices charged were "just and reasonable"; that is, did not exceed the market or reasonable value. Where the contract is for a lump sum, there can be no "itemization of price," as that term is employed in the statute; and any attempt at itemization in this regard would be more or less arbitrary. We are in accord with the reasoning in the Missouri and other cases noted above.

■ Upon the question of indexing, the statute (article 5160) provides that the claim "shall be filed with the County Clerk," and: "The County Clerk shall note on the mechanic's lien record, the name of the claimant, the amount claimed, the name of the contractor and the name of the county, school district, other subdivisions, or municipality with which the contract was made; and the County Clerk shall index the claim under the name of the contractor and under the name of the county, school district, other subdivisions or municipality; with which the contract was made."

The claim was indexed as follows:

"University of Texas to American District Steam Company.

"S. P. Osburn to James P. Hart.

"James P. Hart to S. P. Osburn.

"American District Steam Company to the public.

"The public to James P. Hart."

We are inclined to the view that the indexing was sufficient, as it was under the name of each party designated by the statute.

■ We have reached the conclusion, however, that indexing is not essential to the validity of the lien. Appellant relies upon Nye v. Moody, 70 Tex. 434, 8 S.W. 606, holding that proper indexing is a prerequisite to fixing a judgment lien. This holding, however, is predicated upon the express wording of the judgment lien statute (article 5449): "When any Judgment has been so recorded and indexed, it shall, from the date of such record and index, operate as a lien," etc. Article 5160 contains no such provision. It imposes on the claimant the duty only to file a proper claim with the

clerk. Upon the latter is imposed the duty of indexing. The general rule, in the absence of express statutory requirement otherwise, is that the registration is effective as constructive notice from the time the instrument is filed wtih the proper official. 36 Tex.Jur. p. 452, § 39.

The trial court's judgment is affirmed.

Affirmed.