FRIEDMAN v. AMERICAN SURETY CO.
OF NEW YORK et al.

No. 14048.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 5, 1941.

Rehearing Denied Oct. 10, 1941.

Phillip Tocker, of Fort Worth, for appellant Harry B. Friedman.

Lloyd E. Price and Hamilton Rogers, both of Fort Worth, for appellee American Surety Co. of New York.

Melvin F. Adler and Charles Kassel, both of Fort Worth, for cross-appellee Wm. Cameron & Co., Inc.

SPEER, Justice.

This suit was filed in the County ,Court at Law No. 2, Tarrant County, Texas, by Harry B. Friedman against American Surety Company of New York, to recover $293.98 plus interest and attorney's fees, on a bond executed by F. M. Kuhlman as principal and the above-named company as surety. Allegations were made that Kuhlman was insolvent and the surety alone was sued.

Primarily the suit involved payment by Friedman of a tax or "contribution" to Texas Unemployment Compensation Commission on wages paid by Kuhlman, as subcontractor under Friedman, in the construction of the North Side Senior High School building in the City of Fort Worth. The tax was demanded of Friedman by the Commission and under a threat of suit and penalty, he paid it. Under Article 5221b—17, paragraph (e), Vernon's Annotated Texas Civil Statutes, Kuhlman, the subcontractor, was not an employing unit, but Friedman, the original contractor, was such.

Friedman contracted with Kuhlman to do all the lathing and plastering of the building. Kuhlman obligated himself by the contract to execute a bond to Friedman to guarantee the faithful performance of the contract. The bond was made and American Surety Company of New York signed it as Kuhlman's surety.

Defendant Surety Company answered by general denial and specially that the laws of Texas purporting to levy and exact social security taxes, for the reimbursement of which plaintiff seeks to recover, are void in that they contravene the provisions of the Bill of Rights, and of the State and Federal Constitutions. The respective articles and various sections of said Bill of Rights and Constitutions pointed out by appellee will be referred to by us later in this discussion.

The Surety Company filed a cross-action against William Cameron & Company, Inc., in which it sought judgment for any amount that Friedman should recover against it.

Trial was had to the court without a jury and judgment was entered that Friedman take nothing and the Surety Company was denied any relief against Cameron & Company. Friedman appealed from the judgment entered, and we certified to the Supreme Court the question of whether or not Articles 5221a and 5221b, Vernon's Annotated Texas Civil Statutes, and the various sections and subsections thereof, violate Article I, Sections 3, 16, 17 and 19 of the Bill of Rights and Constitution of Texas, Vernon's Ann.St., or either of said sections.

In Friedman v. American Surety Co., 151 S.W.2d 570, the Supreme Court answered our question, holding the legislative act inquired about was not in violation of the Constitution. A full statement of the pleadings of the parties and the facts developed upon the trial will be found in the opinion of the Supreme Court above referred to, and we see no necessity for restating them here.

In answering the certified question propounded by us, the Supreme Court foreclosed against American Surety Company two of its principal contentions urged in support of the judgment of the trial court. Against the very forceful reasoning of Chief Justice Alexander in a dissenting opinion, the majority opinion by Justice Critz (by which we are bound) held: (a)

That Articles 5221a and 5221b, V.A.T.S., and the various sections, subsections and amendments thereto, were not violative of the Constitution. And (b) that Subdivision (e) of Article 5221b—17, effective at the date of the contract between Friedman and Kuhlman, giving Friedman the right to recover back from Kuhlman such taxes as Friedman should be required to pay on account of Kuhlman's employees, was not affected by the subsequent amendment of the Act by the 46th Legislature, Regular Session, p. 455, which did not contain that right.

This brings us to a consideration of two other points raised in the appeal, which were not before the Supreme Court on the certified question. They are: (1) Were the conditions of Kuhlman's contract and bond with and to Friedman such as to render Kuhlman and his surety on the bond liable to Friedman for the tax paid by the latter; and (2) if the surety on Kuhlman's bond was liable to Friedman, could it recover in its cross action against William Cameron & Company?

To our minds the opinion of the Supreme Court answers the first of these two questions in favor of Friedman, but much is said in the Surety Company's briefs about the provisions and conditions in the contract and bond.

The contract between Friedman and Kuhlman recites that Kuhlman knew the conditions of the contract between Friedman and the School District, the owners of the building to be constructed, and Kuhlman obligated himself by the subcontract to Friedman in the same manner that Friedman was obligated to the owners of the building.

In the statement of the facts set out by us in the certificate to the Supreme Court (151 S.W.2d 570, 573) it will be seen that Friedman finished his contract for the construction of the building in December 1937 and that Kuhlman's subcontract was completed and accepted by Friedman at the same time. Kuhlman received the price agreed to be paid for the performance of his part of the work. But in April 1938 Friedman was advised by the Texas Unemployment Compensation Commission that the social security tax on Kuhlman's employees must be paid; Friedman demanded that Kuhlman and his surety pay it and upon refusal by each, Friedman paid the tax.

As further disclosed by the facts related in the opinion of the Supreme Court above referred to, it will be noted that Kuhlman obligated himself not only to do the work contemplated in the contract, but that if there should prove to be any claim against Friedman growing out of the transaction for which Kuhlman was liable under the contract, after Friedman had made payment to him, Kuhlman and his surety on the bond would refund to Friedman, "all moneys that the latter shall be compelled to pay in discharging any lien or claim on said work made obligatory in consequence of said contractor's [Kuhlman's] default". There are other provisions in the contract which obligate Kuhlman and his surety to protect and indemnify Friedman against payment of all claims, court costs and all attorney's fees incurred by Friedman on account of any failure on Kuhlman's part to explicitly comply with his contract. The bond upon which the company was surety was conditioned in effect, that if Kuhlman should faithfully keep and perform all the covenants contained in the contract, the obligation should be null and void, otherwise to remain in full force and effect. The bond was made a part of the contract. The covenants contained in the contract were not faithfully kept and performed by Kuhlman until all claims of every kind and description, properly chargeable against him, were satisfied. The surety bound itself to see that this was done.

Kuhlman, the subcontractor, was not an employing unit and could not be required by the Act to pay the tax, but Friedman, the original contractor, fell within the law and became liable for the tax computed upon the employees of Kuhlman. On this point the Supreme Court, 151 S.W.2d page 586, said: "When the subcontractor [Kuhlman] contracted with the contractor [Friedman], the pertinent provisions of the Unemployment Compensation Statutes applied to and became a part of such contract. Such statutes required this contractor to pay taxes, counting the wages paid by this subcontractor as his own. Such statutes also required the subcontractor to reimburse the contractor. It follows that this subcontractor contracted to make such reimbursement." When demand was made on Friedman for the tax, both Kuhlman and his surety declined payment. After payment was made by Friedman he was entitled to have it re-paid by Kuhlman. This was a default by Kuhlman for which the surety was liable, under the terms of the contract and bond. State Natl. Bank v. Vickery, Tex.Com. App., 206 S.W. 841; Texas Fidelity & Bonding Co. v. Rosenberg Ind. School Dist., Tex.Civ.App., 195 S.W. 298; Witherspoon Oil Co. v. Randolph, Tex.Com. App., 298 S.W. 520; O'Neil Engineering Co. v. First Nat. Bank, Tex.Com.App., 222 S.W. 1091. Bearing upon the point that the surety was liable for the claim which arose after settlement had been made between Friedman and Kuhlman for the price agreed upon, see Meyers v. Wood, 95 Tex. 67, 65 S.W. 174; Galveston, H. & S. A. Ry. Co. v. Walker, 110 Tex. 286, 219 S.W. 815.

Referable to the cross action by American Surety Company of New York against William Cameron & Co., Inc., the surety company's right of recovery is dependent upon a separate contract between those parties. That contract recites that Kuhlman and Friedman had entered into a contract on May 27, 1936, by the terms of which Kuhlman was to do the lathing and plaster work on the North Side Senior high school building in Fort Worth, for the agreed total price of $26,000, and sets out some of the provisions of that contract; that Kuhlman had obligated himself to make a surety company bond in the sum of $26,000, to guarantee the performance of his contract; that Kuhlman expected to purchase the material for the job from Wm. Cameron & Co., and that for a recited consideration, appellee agreed to sign the bond to Friedman, as surety.

The contract further provided that the first $5,000 in value of materials furnished by Wm. Cameron & Co. would be evidenced by Kuhlman's note to Cameron & Co., due and payable upon completion and acceptance by Friedman of the work agreed to be done by Kuhlman, and when the named agents of the bonding company had issued their certificate that all liability of the bonding company on the bond, except for maintenance, had been satisfied. There is in the contract this further provision: "But in the event of failure (of Kuhlman) to complete such work in accordance with such contract (with Friedman), or otherwise to fulfill the terms of said bond, then the liability of the bonding company, other than for maintenance, shall be first satisfied out of the proceeds of said work and the remainder shall be paid

662

over to the materialman (Wm. Cameron & Co.) and credited upon such note with the balance of the note payable on demand to the materialman."

Appellee, as cross plaintiff, plead the contract between it and Wm. Cameron & Co., attaching a copy as an exhibit to its cross petition. It is claimed by cross plaintiff (the bonding company) that by the terms of the contract referred to, Wm. Cameron & Co. bound and obligated itself to hold cross plaintiff harmless from liability of Kuhlman to Friedman. There is no language in the contract which we think susceptible to such a construction. At most, the contract bound Cameron & Co. to leave the first $5,000 value of material unpaid by Kuhlman until he finished the work and it was accepted by Friedman; this was done and that provision was complied with. The liability of Kuhlman to Friedman, for which this suit was originally instituted, was not for a failure by Kuhlman to complete the lath and plaster work, but, as we have shown, for a claim that arose six months after the work was completed and accepted. Friedman's right of recovery against Kuhlman and his surety was fixed primarily by the statute and secondarily by the contract between them. We therefore conclude that no right of recovery by cross plaintiff against cross defendant, Wm. Cameron & Co., was shown, and the judgment of the trial court in so finding was correct.

The judgment entered by the trial court denying recovery by Friedman against American Surety Company of New York is reversed and judgment is rendered in favor of appellant Harry B. Friedman against said appellee American Surety Company of New York for $293.98, with interest thereon at the rate of six per cent per annum since the date of payment of the tax by Friedman, and for $125 as attorneys' fees, the amount stipulated by the parties as being reasonable if recovery should be allowed to Friedman. The judgment of the trial court denying recovery by American Surety Company of New York in its cross action against William Cameron & Co., Inc., is affirmed. The judgment here rendered being the one the trial court should have entered, the costs, both of the trial court and this court, will be taxed against American Surety Company of New York. Judgment of the trial court is affirmed in part and reversed and rendered in part.