The **TURNER ROOFING AND SUPPLY COMPANY, Inc., et al., Appellants,**

v.

**UNITED PACIFIC INSURANCE COMPANY et al., Appellees.**

No. 12925.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 29, 1956.

Roscoe Johnson, San Antonio, for appellant Turner Roofing & Supply Co.

Carl Wright Johnson, Nat L. Hardy, San Antonio, for appellee United Pacific Ins. Co.

Carl Wright Johnson, Nat L. Hardy, San Antonio, for appellant United Pacific Ins. Co.

McGown & McGown, San Antonio, for appellee Rufus A. Walker & Co.

POPE, Justice.

This is an interpleader suit which the Edgewood Independent School District commenced against Cooley Construction Company, which contracted to build the Billy Mitchell School in San Antonio; United Pacific Insurance Company, as surety on the contractor's performance bond; and the unpaid creditors who furnished labor and materials. The contractor defaulted on its contract and several claims against the surety were made under the provisions of Article 5160, Vernon's Ann.Civ.Stats. Turner Roofing and Supply Company, Inc., appealed because the trial court refused to grant judgment against United Pacific Insurance Company on its claim against the performance bond for labor and materials. The United Pacific Insurance Company separately appealed from judgment in favor of Rufus A. Walker & Co. We have two separate lawsuits.

The Turner Roofing and
Supply Company, Inc.
v.
United Pacific Insurance Company

Turner Roofing and Supply Company, Inc., under a subcontract with Cooley Construction Company, agreed to furnish roofing, sheet metal work and a gypsum roof deck for the Billy Mitchell School at a price of $3,832. It sued for an unpaid balance of $1,976.64, and sought recovery against the surety on the contractor's bond. The essence of the trial court's denial of the lien was that it was filed too late, except for a $26 item. The Roofing Company filed its lien on October 21, 1953. Article 5160 provides that a claim must be filed with the county clerk "within ninety days from the date of the delivery of said material and the performance of said work." Hence a claim which antedates July 22, 1953, would be too late.

The Roofing Company's pleadings state the dates on which its materials were delivered to the school premises, and, under a separate itemized column, the "dates materials were conditioned and applied to said school building." Those dates antedate July 22, 1953. The Roofing Company argues that it was a subcontractor and that it agreed to furnish all labor, material and equipment, and to perform all its work in accordance with the plans and specifications. For that work it was to receive a lump sum of $3,832, and until it was all performed, its contract was not completed. The contract was completely performed on August 25, 1953, and the Roofing Company contends that the lien was not barred until ninety days from that date, rather than ninety days from the actual delivery of materials to the school and the performance of the work on the school.

We affirm the trial court, because the question has been decided adversely to the Roofing Company. Aetna Casualty Co. v. Hawn Lumber Co., Tex.Com.App., 128 Tex. 296, 97 S.W.2d 460, 462; Detroit Fidelity & Surety Co. v. Moberly, Tex.Civ.App., 52 S.W.2d 298, affirmed Detroit Fidelity & Surety Co. v. State, 124 Tex. 145, 76 S.W. 2d 492; National Surety Co. v. United Brick & Tile Co., Tex.Civ.App., 71 S.W.2d 937. The Aetna case says [128 Tex. 296, 97 S.W.2d 462]:

"This purpose of the statute certainly cannot be preserved if by virtue of a special contract between contractor and a subcontractor the filing of the claim may be deferred for an indefinite time on the ground that the job, including labor and material, is to be done for a lump sum and paid for when completed. Certainly if such were allowed it would be unfair to others who might wish to extend credit to the contractor or to furnish him with labor and material during the progress of the work."

United Pacific Insurance Company
v.
Rufus A. Walker and Company

■ United Pacific Insurance Company is the appellant with respect to a claim asserted by Rufus A. Walker & Co., another subcontractor for the construction of the Billy Mitchell School. The trial court allowed the subcontractor's claim against United Pacific Insurance Company as surety on the performance bond and gave judgment for $1,596.13 plus interest. The attack upon the lien in this instance is not that it was filed too late, but that it was not sufficiently itemized.

The account was in this form:

```
"Material
          209 Ctns. 12/" × 12 × 12
            Cushiontone
          35 lbs. Screws

"Labor  Week Ending 7/9/53
          2 carpenters & 2 helpers
            8 hrs. each              :32 man hours
          (similarly itemized items
            of labor appear in the
            account)
          Total                       382 man hours
```

"The material above itemized was delivered to the site of installation in said school building between July 2, 1953, and August 6, 1953, being taken to the job as it was installed by the labor above itemized."

The sworn itemized account further stated that the labor and material were furnished for the Billy Mitchell School. It stated that they were furnished by force of a subcontract which Rufus Walker & Co. had with the general contractor, and that the subcontract covered three school buildings; that the contract for the three buildings called for a lump sum payment of $4,600 for the materials and labor; that the contract as to two buildings was completed and all bills had been paid, but that a balance existed in the amount of $2,500 for the labor and materials furnished on the Billy Mitchell School.

Article 5160 provides that claims for labor and material furnished to the contractor shall be "itemized and sworn to as required by Statutes as to mechanic's lien claims * * *." Article 5453 is pertinent, in that it states the steps required for the fixing of a lien by a subcontractor. It requires an itemized account. Article 5456 states the form of affidavit for such a claim. It provides that the account of the labor or material shall declare "the prices therefor as set forth in the annexed account are just and reasonable".

The surety contends that the account is inadequate under Articles 5453 and 5456, since it omits an itemized account of the prices or values either for the materials or the labor. The account stated a lump sum price for all labor and all material for the Billy Mitchell School, but did not itemize the prices or values for the items.

The mechanic's lien statutes pertaining to subcontractors permit the fixing of a lien of an involuntary nature. Hardin v. McCarthy, Tex.Civ.App., 55 S.W.2d 1099. For that reason, the statutes require an itemized account so the labor and materials may be investigated by the owner, or, in this case, by the surety on the performance bond. The account does not disclose what charges were made for materials nor for labor, but groups all material and labor together for a total price. In our opinion that is not an itemized account.

Royal Indemnity Co. v. American District Steam Co., Tex.Civ.App., 88 S.W.2d 1091, is the basis for the trial court's judgment that a lump sum price suffices.

In our opinion, this case is controlled by Meyers v. Wood, 95 Tex. 67, 65 S.W. 174, 176, which has never been overruled. The claimant in that case relied upon the following account:

" 'Bill of sash and doors, per contract, $640.00. Feb. 3rd. To bill of mill work (contract), $175.00' ".

■ The Walker & Co. account is more complete with reference to dates and items furnished, but is less complete concerning prices and values. Its account makes no

attempt to apportion charges to materials or to labor, nor to any of the items of materials and labor. Deficiencies of the account, as measured against the statute, are not excused by reason of a special contract between the contractor and subcontractor, for the reasons expressed in Aetna Casualty Co. v. Hawn Lumber Co., Tex. Com.App., 128 Tex. 296, 97 S.W.2d 460, 462.

Time is important with respect to fixing the lien, but price and value are of equal importance, with respect to determining the amount of the lien. The Supreme Court in Meyers v. Wood struck down the claim of the subcontractor, because he had lumped together all prices for materials and labor. The court stated that the account did "not come within the terms of an itemized account or bill of particulars in the fact that it does not specify how many sash or doors were delivered, nor what was the work done by the mill, *nor the value of any one of the items*. This statement is wholly insufficient to fix a materialman's lien as specified in the statute. This is not a case of the contract made by the materialman with the owner of the property, in which case it would be sufficient to state the thing contracted for, and the amount of the contract price (Pool v. Wedemeyer, 56 Tex. 287 [298]); but in a case like this *a man's property can only be subjected for the value of the material furnished or the labor performed, and the owner is not bound by the terms of a contract made between the builder and materialman."* (Italics ours.)

Royal Indemnity Co. v. American District Steam Co., Tex.Civ.App., 88 S.W.2d 1091, supra, which appears to be the only Texas authority to excuse an itemization in the instance of a lump sum price, states that there can be no itemization of price where the contract is for a lump sum. That argument would also excuse itemization of ar-

ticles and time of delivery as well as price. While we do not agree that an itemization of value is impossible; even if it were, the contract can not write out of Article 5453 the requirement that the account be itemized.

Recovery on subcontractor liens is by force of lien statutes. Contracts do not alter the statutes. An "itemized account" and a "lumped account" are antitheses. The objects sought to be achieved by itemization are defeated by a grouping of items so they can not be analyzed, investigated and disputed by the owner or surety charged with the lien.

In Ormsby Chevrolet Co. v. White, Tex. Civ.App., 60 S.W.2d 517, three automobiles were described and itemized, but the price of each was omitted. The account was deficient. See also, Houston Fire & Casualty Co. v. Col-Tex Refining Co., Tex. Civ.App., 231 S.W.2d 468. As stated in Union Indemnity Co. v. Rockwell, Tex. Com.App., 57 S.W.2d 90, 91: "It is not an itemized statement for labor performed or materials furnished, but is merely a statement of the gross amount due for both labor and material." Moreover, the fact that Article 5453 permits fixing a lien upon prime contracts, but not subcontracts, indicates to us that the statute contrasts contract agreements by prime contractors, on the one hand, with itemized accounts by subcontractors, on the other. Art. 5453, Vernon's Ann.Civ.Stats.; Hemphill v. Gleason, Tex.Civ.App., 272 S.W. 275.

For subcontractors to fix a lien, the price or value of articles and labor must be itemized rather than stated in terms of a lump sum.

The judgment of the trial court concerning Turner Roofing and Supply Company, Inc., is affirmed. The judgment is reversed and here rendered that Rufus A. Walker & Co. take nothing.