The judgment is reversed and the cause remanded.

Opinion approved by the Court.

MARYLAND CASUALTY COMPANY,
Appellant,

v.

BARRON–BRITTON, INC., Appellee.

No. 3662.

Court of Civil Appeals of Texas.

Waco.

Oct. 1, 1959.

Rehearing Denied Oct. 15, 1959.

▬

House, Mercer & House, San Antonio, for appellant.

W. C. Davis, John M. Barron, Bryan, for appellee.

WILSON, Justice.

This case presents the question of whether appellee's claim for labor and material sufficiently meets requirements of Arts. 5160, 5453 and 5456, Vernon's Ann.Tex. Civ.Stats., as to itemization. There are no fact issues.

Appellant is the surety on the performance bond of a contractor furnishing material and labor for construction work on a city school. Appellee contracted in writing to furnish numerous items of ventilation equipment, described in detail in the contract, to the prime contractor, who defaulted. Appellee filed with the County Clerk an affidavit in statutory form, to which was attached a copy of the contract by which it agreed to install equipment itemized as follows:

"Ventilation:
4—Jenn-Air Model 70CR fans as specified (Fans 4, 5, 11 and 12).
8—Jenn-Air Model 91CR fans as specified (Fans 1, 2, 3, 6, 7, 8, 9, and 22).
1—Jenn-Air Model 100CR fans as specified (Fan 14).
1—Jenn-Air Model 243BCR fan as alternate (Fan 13).
1—Clarage Fan Co. Model 1⅜ fan as alternate (Fan 15).
2—Clarage Fan Co. Model 1¼ fan as alternate (Fans 16 and 17).
4—Acme Equipment Co. D48H fans as alternate (Fans 18, 19, 20, and 21).
Plywood backing for grilles in accoustical ceilings.

20—Registers and grilles as specified (See Note 1).
Galvanized iron duct work as detailed (See Note 2).
14 Ga. B. & S. Aluminum hood with filters (See Note 3).
Shop drawings as required.
3 sets Korfund vibration isolators.
Bid -------------------------------$ 4852.00."

▬ Appellant contends this is insufficient because it does not specify the prices of the various items. Appellee relies on Royal Indemnity Co. v. American District Steam Co., Tex.Civ.App., 88 S.W.2d 1091, writ dis., as sustaining sufficiency where material is furnished under a lump-sum contract. In that case, as here, the itemization of materials was not in question; only the itemization of price. It was held unnecessary to assign a price to each item because the statute did not require it; and because any attempt to do so in a lump-sum contract would be arbitrary.

The cases cited by appellant on this point, with one exception, are cases in which there was failure to itemize material, rather than prices; or in which no lump-sum contract was involved. The possible exception is Turner Roofing & Supply Co. v. United Pacific Ins. Co., Tex.Civ.App., 289 S.W. 2d 407, writ ref. n. r. e. If it may be said there was an "itemization" of materials in that case, it was vastly more vague, indefinite and inexplicit than in the instant case. Indeed, the opinion states the case is controlled by Meyers v. Wood, 95 Tex. 67, 65 S.W. 174, 175, in which the account

merely recited "sash and doors, per contract $640 * * * mill work (contract) $175." as a purported itemization.

In the most recent case cited by appellant, Lebo v. Dochen, Tex.Civ.App., 310 S.W. 2d 715, 719, writ ref. n. r. e., there was neither a lump-sum contract nor attempted itemization of materials except "original slab, additional slab" with dimensions, and "ramp section @ 42¢." In Capitol Steel & Iron Co. v. Standard Acc. Ins. Co., Tex.Civ. App., 299 S.W.2d 738, no writ hist., the purported itemization of materials was an "estimate" of grills, frames, doors, vents, etc. Union Indemnity Co. v. Rockwell, Tex.Com.App., 57 S.W.2d 90, 91, involved a claim "for the furnishing of all labor and material", without any semblance of itemization. In Trinity Universal Ins. Co. v. Woitaske, Tex.Civ.App., 148 S.W.2d 235, writ dis., judg. corr., there was neither a lump-sum contract nor itemization of material except "lathing, labor, plastering."

Aetna Casualty & Surety Co. v. Hawn Lumber Co., 128 Tex. 296, 97 S.W.2d 460, 462; 128 Tex. 460, 98 S.W.2d 167, involved a lump-sum contract, but the Court of Civil Appeals' opinion, Tex.Civ.App., 62 S.W.2d 329, indicates the claim included additional material and sums in excess of the contract price. In any event, the only issue before the court was "whether or not the plumbing company filed its claim for labor and material within the *time* prescribed by the statute." The plumbing company contended that its special contract exempted it from the filing time requirement of the statute. The court held existence of the contract would not authorize deferring the filing of the claim for an indefinite time. Appellee asserts, and appellant admits in argument that any construction of the opinion as being applicable to the present question, would constitute it pure dictum. Our analysis of the opinion is that it neither involves nor affects the point in issue.

Royal Indemnity Co. v. American District Steam Co., Tex.Civ.App., 88 S.W.2d 1091, 1094, writ dis., is to our minds controlling in this case. There, as here, there was a complete and detailed itemization of each article. Here, there is a statement of the make and model number of the items of ventilation equipment which were installed. We take it to be common knowledge that a bidder in making a proposal for performance of work such as involved in this case, will normally be expected to include some margin for profit; that he must usually hypothesize his labor costs, and frequently his own purchase price of the material. Often, local conditions, convenience, availability of material and other intangible factors modify his bid. To construe the statute as requiring him to record a specific amount attributable to each item under these circumstances is to ignore reality. The purpose of this portion of the statute, as applicable here, is to protect the surety from unreasonable claims and to furnish an aid to certainty. To hold price itemization indispensable under the present record would produce the opposite result. It would require appellee, after completion of the work, to conjecture as to an allocation of the contract price based on whim, caprice or fancy. If any unit cost more or less than he anticipated, he would be required to juggle the reckoned cost of some other item to produce the total figure. This would obviously make his affidavit farcial, and hoodwink the surety, if it seeks for truth.

As Chief Justice McClendon said in the Royal Indemnity case:

"Where the contract is for a lump sum, there can be no 'itemization of price,' as that term is employed in the statute; and any attempt at itemization in this regard would be more or less arbitrary."

We are unwilling here to subordinate logic to what we regard as a harsh interpretation of the statute, and we follow the Royal Indemnity decision that "where the contract is for a lump sum the statute * * * is satisfied by listing separately the items and stating the lump sum agreed

upon without assigning a price or value to the separate items."

Appellant further contends the claim upon which the asserted lien is based is fatally defective because it fails to show the instrument was filed within 90 days from date of the delivery of the material and performance of the work, as required by Art. 5160. The account states it covers the "period from 8–1–57 to 8–31–57." It was filed October 10, 1957. The point is overruled. Meyers v. Wood, 95 Tex. 67, 65 S.W. 174, 176; Hill v. The Praetorians, Tex.Civ.App., 219 S.W.2d 564, 567, writ ref. n. r. e.

The judgment of the trial court is affirmed.