## FOX v. YOUNG.

### No. 3361.

Court of Civil Appeals of Texas. El Paso.

Feb. 27, 1936.

Rehearing Denied March 19, 1936.

Theodore Andress and Sydney Smith, both of El Paso, for appellant.

H. D. Stringer, of El Paso, for appellee.

PELPHREY, Chief Justice.

During June, 1933, J. A. Handy purchased an electric doughnut machine from George H. Verbeck of Buffalo, N. Y., for $350. The sum of $200 was paid in cash, and the remainder of $150 was secured by a chattel mortgage duly filed in the county clerk's office of El Paso county, Tex. On January 24, 1934, the $150 debt was transferred and assigned to appellee. This assignment was not filed for record. Handy on January 17, 1934, executed a note payable to appellee in renewal of the note theretofore given to Verbeck. In July, 1933, Handy gave another mortgage on the machine to Mary Ramsey to secure a loan of $550. This mortgage was also filed for record.

The machine, weighing 550 pounds, was placed by Mr. Handy in Watters' Café at 401 Texas street, El Paso, Tex. Thereafter Mary Ramsey died, and Mrs. T. M. Henderson was appointed administratrix of her estate. Mrs. Henderson filed suit against Handy on the note, and had a writ of sequestration issued commanding the sheriff to seize, along with other property, the doughnut machine. This writ was placed in the hands of the sheriff on March 22d. On the same or next day a deputy sheriff located the machine at Watters' Café; informed the person in charge of the café that he had the writ, and advising them not to let the machine be moved. He later saw Mr. Watters and gave him the same information and instructions.

On March 28th, and before the doughnut machine had been actually taken out of

858

Watters' Café by the deputy, Handy wrote and delivered to appellee the following letter:

"El Paso, Texas.
"March 28, 1934.
"Mr. J. G. Young, El Paso, Texas.

"I herewith tender and do deliver to you possession of

"One (1) Doughnut Machine, Model D.D. Manufactured by Doughnut Machine Corporation upon which you have a chattel mortgage.

"This tender and delivery is pursuant to demand made upon me under the terms of the chattel mortgage which I executed in favor of George N. Verbeck, and by him assigned to you. I recognize there had been a default in payment of the debt owed by me to you, and further understand that I am not released on my obligation to you by virtue of delivery of possession.

"Yours truly,

"J. A. Handy."

On the same date appellee executed a receipt to Handy for the machine, and then made demand on the sheriff for the possession of the machine. This demand was refused unless appellee would furnish a claimant's bond, which he refused to do, and the machine was taken out of the café by the deputy and later sold under the writ.

This suit was filed in the justice court, precinct No. 1, of El Paso county, Tex., seeking to recover damages for conversion of the machine by the sheriff.

Appellee alleged that he was in possession of the machine under the terms of the chattel mortgage which had been transferred to him, that his lien was in all respects superior to that held by Mrs. Henderson, and that appellant had seized the machine under a writ of sequestration, thereby converting it to appellee's damage.

In the alternative appellee alleged that, if he was not in possession of the machine at the time it was seized, he was entitled to such possession under the terms of the mortgage, which possession appellant refused to give him upon demand.

Appellant answered by general demurrer, special exceptions, and a general denial.

The jury found that it was agreed on March 28, 1934, that appellee was to take possession of the machine under the terms of the mortgage to Verbeck; that appellee was in actual possession of the machine prior to its removal from Watters' Café; that the value of the machine was $300; that appellee made demand upon the deputy

sheriff for delivery of the machine after it had been seized; that the deputy refused such demand; that the deputy sheriff called at Watters' Café for the purpose of taking possession of the machine prior to the time when it was removed; that the deputy did not announce to the person in charge of the café that he was taking possession of the machine under the writ of sequestration; that Handy did not use the machine after he agreed to turn it over to appellee; and that the deputy sheriff knew that appellee was claiming possession of the machine before he removed it from the café.

From a judgment against him for $166.35, the sheriff has appealed.

Opinion.

Appellant, at the conclusion of appellee's evidence, moved the court for an instructed verdict, and, after the verdict had been returned into court, moved for judgment non obstante veredicto. Both of these motions were overruled, and such action on the part of the trial court is made the basis of the first assignment of error.

The position here taken by appellant is that the machine was in the possession of the mortgagor at all times; was not in the possession of appellee at the time of the levy; and that he was therefore not liable for conversion of the machine by reason of his action in seizing and selling the machine in question. He does admit, however, that, if the appellee, as mortgagee of the property, had possession of the machine at the time he levied the writ, he then would be guilty of a technical conversion and would be liable for such damages as appellee could prove.

One of the first questions which presents itself is as to the sufficiency of the facts to show a delivery of the machine to appellee by Handy. Appellee testified that, when he learned of the suit filed against Handy, he made a demand upon Handy for possession of the machine under the terms of the mortgage; that, in response to such request, Handy gave him the letter heretofore quoted; that the machine was very heavy and required a truck and several men to move; that he told the people in charge of Watters' Café where the machine was located; that Handy had delivered the possession to him; and that he informed the deputy of that fact before the machine was moved from the café. Handy testified that he turned the machine over to appellee and never used it again, and that he told the deputy

that he had done so before the machine was taken out of the café.

Appellant contends that these facts fail to show a delivery of the possession of the property, and that, before a delivery could be complete, it would be necessary either that the parties have the machine in their view at the time or that Handy should have informed the persons in charge of the café of the delivery of possession.

■ Constructive delivery is a general term comprehending all those acts which, although not truly conferring a real possession of the thing sold on the vendee, have been held constructione juris, equivalent to acts of real delivery. 12 C.J. p. 1303.

■ A constructive delivery may, where an actual manual delivery is impracticable, be sufficient to pass title, not only as between the parties, but even as against third persons. 55 C.J. § 569, pp. 560, 561.

■ A delivery may be said to have been made whenever, at the time and place which the law fixes or the parties have agreed upon, the seller has done everything which is necessary to be done in order to put the goods completely and unconditionally at the disposal of the buyer. 37 Tex.Jur. § 161, p. 361; Shearman v. Poe (Tex.Civ. App.) 9 S.W.(2d) 762; Ellis v. Riddick, 34 Tex.Civ.App. 256, 78 S.W. 719.

■ Under these definitions we feel that the facts here are sufficient to show a delivery of the machine to appellee while it was still in the café.

If we be correct in this conclusion, then, if the seizure of the machine under the writ took place when it was removed from the café, and not before, appellee was in possession when it occurred, and, according to appellant's own admission, he would be guilty of a conversion.

■■ The sheriff's return shows that the writ was executed on March 28, 1934, at 2 o'clock p. m., by taking possession of the property. This statement is conclusive on appellant as to the fact that the writ was executed on the 28th, Ranken v. Jones (Tex. Civ.App.) 53 S.W. 583; Cox v. Patten (Tex. Civ.App.) 66 S.W. 64, and we are now confronted with the question of whether the 28th was the date upon which the deputy showed his writ to the persons in charge of the café or the date upon which he took manual possession of the machine. The parties are in disagreement as to what the testimony shows in this regard; appellee contending that manual possession was taken on the 28th and appellant contending that manual possession of the machine was not taken until three or four days thereafter.

Handy testified that, as he recalled, he turned the machine over to appellee a couple of days before the machine was taken out; that a day or two after he found out about the sheriff looking at the machine he released it to appellee.

Appellee testified that Handy turned the machine over to him a day or two before it was moved, and the deputy testified that the writ came into his hands on the 22d; that he went either the same day or the next day to Watters' Café, saw the machine, and, after telling the person in charge of the café that he had a writ of sequestration for the machine, told him not to let it be moved; that he later saw Handy and discussed the writ with him; that he later saw Watters and told him about the writ and instructed him not to permit the machine to be moved by Handy or any one else; that the day after he had contacted Handy and Watters appellee and his attorney demanded possession of the property; and that he did not move the machine out for a day or two after he had talked to Handy and Watters.

This testimony clearly shows that the machine was not moved on the 28th, and, together with the other facts heretofore related, raised an issue of fact as to whether the acts which appellant contends constituted a levy of the writ occurred before or after the transfer of the possession by Handy to appellee.

This issue appears to have been answered by the jury against appellant.

This finding, in connection with our conclusion that a transfer of the possession was effected by the letter from Handy to appellee and appellee's subsequent actions, leads to the inevitable conclusion that appellant levied upon the property while it was in the possession of appellee, and in so doing was guilty of a conversion.

The judgment is affirmed.