## TRINITY UNIVERSAL INS. CO. v. WOITASKE et al.

### No. 2264.

Court of Civil Appeals of Texas. Waco.

Feb. 6, 1941.

Rehearing Denied March 6, 1941.

236

Touchstone, Wight, Gormley & Touchstone, of Dallas, for appellant.

Hal Browne, of San Antonio, and Allen & Allen, of Hamilton, for appellees.

RICE, Chief Justice.

William R. Lynch entered into a contract with Hamilton County, Texas, obligating himself to erect a jail for the use of said county, and to furnish the labor and material therefor. As a part of the contract, he executed and delivered a penal bond with the Trinity Universal Insurance Company as surety, conditioned as required by Art. 5160, Vernon's Annotated Civil Statutes. Thereafter, A. J. Woitaske furnished the labor and material to erect and plaster certain partition walls in said building in consideration of the sum of $709, to be paid by Lynch when Woitaske completed his contract. Higginbotham Bros. & Company, a corporation, delivered to Lynch lumber and building material used in said construction to the value of $776.41. Lynch failed to pay either of said accounts. A. J. Woitaske brought this suit against Lynch and Trinity Universal Insurance Company for the sum due him by Lynch under said contract. Higginbotham Bros. & Company intervened, praying for judgment against said defendants for the amount of its account. On a trial to the court, judgment was rendered in favor of A. J. Woitaske and against the defendants Lynch and Trinity Universal Insurance Company, jointly, in the sum of $709; and in favor of Higginbotham Bros. & Company, intervener, against the same defendants, jointly, in the sum of $776.41. From this judgment Trinity Universal Insurance Company alone appeals.

The verified claim filed by appellee Woitaske, and on which his cause of action is predicated, is itemized as follows:

"For labor performed and material furnished in the construction of the County Jail at Hamilton, Hamilton County, Texas, from starting July 11th, 1938, and completed August 5th, 1938, itemized as follows:

| | |
|---|---|
| Material furnished for lathing by affiant | $199.00 |
| Labor on lathing | 95.00 |
| Material for plastering | 175.00 |
| Labor on plastering | 240.00 |
| Insurance | 11.40 |
| Social Security | 3.00 |
| Total balance due on account as per contract | $723.40." |

Appellant contends that this claim is not itemized as required by the provisions of Article 5160, Vernon's Annotated Civil Statutes, and that a compliance with said article in this respect is a condition precedent to a recovery against a surety on the bond of a public contractor.

Article 5160 requires that claims "shall be itemized and sworn to as required by Statutes as to mechanic's lien claims." See Articles 5453 and 5456.

The Supreme Court, in the case of Ball v. Davis, 118 Tex. 534, 18 S.W.2d 1063, 1064, passed upon the validity of two claims similar, in respect to itemization, to the claim of appellee Woitaske. The court held that the claims were not sufficiently itemized, and were too indefinite to comply with the statute. In coming to this conclusion the court said: "The statute (article 5453) requires the account to be itemized. The term used means that the account must be set out by items." The following cases support the foregoing proposition: Union Indemnity Co. v. Rockwell, Tex.Com.App., 57 S.W.2d 90; McClellan v. Haley, Tex.Com.App., 250 S.W. 413; Hardin v. McCarthy, Tex.Civ.App., 55 S.W.2d 1099; National Surety Co. v. United Brick & Tile Co., Tex.Civ.App., 71 S.W.2d 937; Austin Bridge Co. v. Drake, Tex.Civ.App. 79 S.W.2d 677.

Applying to the facts of this case the rule laid down by the cases cited above, we are of the opinion that the claim of

Woitaske was not sufficiently itemized to meet the requirements of Article 5160. It was not itemized either as to the dates on which the material was delivered, or on which the labor was performed; nor was it itemized as to the various items or quantities of material actually delivered.

Appellant takes the position that Higginbotham Bros. & Company, having admittedly filed its claim in the office of the County Clerk of Hamilton County on September 19, 1938, said intervener can recover only for the value of those materials shown by said claim to have been delivered within the period of ninety days prior to September 19, 1938. Although appellant contends that this period would only include materials delivered subsequent to June 21, 1938, it admits liability in the sum of $54.45, being the value of items furnished on and after June 20, 1938.

It is stipulated that intervener filed its itemized account with the County Clerk of Hamilton County on the 19th day of September, 1938; and that a correct statement of the account was attached to intervener's petition. The account shows delivery of materials on dates beginning April 18th and ending August 25th; and that no materials were delivered on June 19, 1938. Intervener's local manager testified that the items in the account were delivered on the dates they were charged.

The judgment rendered in favor of intervener and against appellant was for the value of all materials delivered to Lynch after deducting credits.

Error is assigned by appellant to the action of the trial court in rendering judgment for the value of materials delivered prior to June 20, 1938.

Appellant contends that the judgment is excessive by the sum of $721.96, being the value of materials delivered prior to June 20, 1938, after deducting credits; and that the trial court should have rendered judgment against it for $54.45, said sum being the value of materials delivered on and subsequent to June 20, 1938.

■ It being admitted that the claim of intervener Higginbotham Bros. & Company was filed on September 19, 1938, this assignment is sustained. Article 5160, Vernon's Annotated Civil Statutes, provides, in part: "Such claims shall be filed with the County Clerk of the County, in which said work is being prosecuted, within ninety days from the date of the delivery of said material and the performance of said work."

In the case of National Surety Co. v. United Brick & Tile Co., Tex.Civ.App., 71 S.W.2d 937, it is held that the above quoted requirement of Article 5160 is mandatory and conclusive. This opinion is quoted from and cited with approval in the case of Aetna Casualty & Surety Co. v. Hawn Lbr. Co., 128 Tex. 296, 97 S.W.2d 460.

Intervener plead that appellant was estopped to urge as a defense such failure to file a claim within ninety days because a check given it by Lynch in full payment of his account would have been paid by the Hamilton National Bank as liquidating agent but for the fact that appellant made demand on Hamilton county that it deliver no further bonds, warrants or funds to the Hamilton National Bank in payment of its contract with Lynch for work done under said contract; that this demand was made at a time to preclude intervener from a literal compliance with the terms of Article 5160, in that the ninety day period expired after receipt by it of said check and prior to the demand on Hamilton County to refrain from further payments on the contract. The following facts were adduced to sustain said plea of estoppel: On the 25th day of August, 1938, defendant Lynch delivered to intervener his check, payable to the latter, in the sum of $776.41, drawn on the Hamilton National Bank, Hamilton, Texas, for the amount of his account with intervener; and at the time Lynch informed intervener's local manager that the money to pay the check was not then in the bank, but that as quickly as the County turned the money over to the bank the check would be paid. This check was never paid. The local manager of intervener testified that he relied on Lynch's honesty; expected the check to be paid, and failed to file intervener's claim until September 19, 1938, on which date he learned that some controversy had arisen and the warrants of the County had not been delivered to the bank.

A representative of the surety company testified that in September he learned about trouble on the Lynch job; that he came through Hamilton on the 16th day of September, 1938, and visited the county judge, who advised him, in answer to his question as to whether or not the funds were ready to be paid on the job, that "there were a bunch of outstanding bills out here in town and they were not going

238

to pay anything until he had paid those bills."

There was introduced in evidence a letter to the County Judge of Hamilton County from the appellant, dated September 18 (16) 1938, instructing the judge not to pay out any of the funds that might be due Lynch. Appellant's representative testified this letter was delivered September 16th.

■ In our opinion, these facts are not sufficient to sustain intervener's plea of estoppel. There is no evidence that intervener was induced to refrain from filing its claim within the statutory period by any promise of or in reliance upon any act of appellant. There is no evidence that appellant knew that Lynch had given his post-dated check to appellee to cover his account or that Lynch had made any representation to said appellee that the check would be paid at a later date. It is not in evidence that Hamilton County withheld payment under its contract because of the act of appellant in delivering to the County Judge of said county the letter of September 18 (16), 1938.

Appellant contends that the judgment of the trial court against it and in favor of each of the appellees should be reversed; that judgment should be rendered by this court that appellee Woitaske take nothing against appellant and that intervener Higginbotham Bros. & Company recover of appellant the sum of $54.45, without interest and costs.

We do not agree with this contention of appellant. It is our opinion that as between appellant and appellees, justice will be better served by reversing and remanding this cause to the trial court for a new trial.

The record before us raises the inference that Hamilton County withheld the payment of a portion of the money to which the contractor was entitled under the terms of his contract with the county, because said contractor had failed to pay some of his bills. It may be that these funds are yet in the possession of Hamilton County; and, if so, there remains the possibility that appellees, by appropriate proceedings, may establish some right to or interest therein, under the provisions of Articles 5472a and 5472b, Vernon's Annotated Civil Statutes.

■ Therefore, in order to afford the appellees Woitaske and Higginbotham Bros. & Company an opportunity, if they care to do so, to further develop their respective causes of action, the judgment of the trial court in favor of Woitaske and against the Trinity Universal Insurance Company; and likewise the judgment in favor of intervener Higginbotham Bros. & Company against the same defendant, is reversed and this cause, insofar as it relates to the causes of action asserted by Woitaske and by intervener Higginbotham Bros. & Company, respectively, against the defendant Trinity Universal Insurance Company, is remanded to the trial court for a new trial.

Defendant Lynch not having appealed from the judgment of the trial court, the judgment in favor of plaintiff Woitaske against the defendant Lynch; and likewise the judgment in favor of intervener Higginbotham Bros. & Company against defendant Lynch, is hereby affirmed.

Affirmed in part and reversed and remanded in part.