HOUSTON FIRE & CASUALTY INS. CO.
v. COL–TEX REFINING CO.
No. 2806.

Court of Civil Appeals of Texas. Eastland.
June 9, 1950.

Rehearing Denied June 30, 1950.

Cantey, Hanger, Johnson, Scarborough & Gooch, Fort Worth, for appellant.

Ratliff & Worrell and John H. Hall, Colorado City, for appellee.

LONG, Justice.

Plains Machinery Company, Inc., instituted this suit against Ted B. Smith, Houston Fire and Casualty Insurance Company and the State Highway Commission for labor and material furnished Ted B. Smith in constructing a farm to market road running south from the town of Merkel in Taylor County, Texas. Recovery was sought on a contract between Texas Highway Department and Ted B. Smith, who was bonded by Houston Fire and Casualty Insurance Company. Col-Tex Refining Company, along with a number of other claimants, intervened in the suit. Upon a trial to the court, judgment was in favor of Col-Tex Refining Company against Ted B. Smith, individually, for the sum of $2,055.68 and against Ted B. Smith and Houston Fire and Casualty Insurance Company jointly and severally for the sum of $3,603.04. The judgment provided that the sum of $3,603.04 should be credited with its pro rata part of the funds in the hands of the State Highway Department and tendered into court by said Department. The insurance company has appealed.

Appellant contends the court erred in awarding judgment for appellee against appellant for the value of 37,485 gallons of asphalt for the reason that there is no evidence, or at least insufficient evidence, to show that such asphalt was actually used by Ted B. Smith on the project for which appellant executed a bond.

Col-Tex Refining Company was engaged in manufacturing and selling asphalt. Ted B. Smith was the contractor on a farm to market road running south out of the town of Merkel, in Taylor County and known as the Blair road. Houston Fire and Casualty Insurance Company was the surety upon the contractor's bond, in accordance with the provisions of Article 5160, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 5160. Appellee filed with the County Clerk of Taylor County an affidavit attempting to comply with Article 5160 for the purpose of fixing liability on the bond.

We agree with the contention of appellant that it is necessary, before appellee can recover, for it to bring itself within the terms of the statute. In other words, appellee must show that the material was furnished to Ted B. Smith and that it was used in the construction of the road. United States Fidelity & Guaranty Co. v. Texas Powder Co., Tex.Civ.App., 88 S.W.2d 532 (Writ Ref.); United States Fidelity & Guaranty Co. v. Henderson County, Tex. Civ.App., 253 S.W. 835, affirmed Tex.Com. App., 276 S.W. 203; B. F. & C. M. Davis Co. v. W. E. Callaghan Const. Co., Tex. Com.App., 298 S.W. 273.

C. M. Richards, agent of the Texas & Pacific Railway Company at Merkel, testified that two tank cars of asphalt shipped by Col-Tex Refining Company were delivered to W. A. Williams, superintendent of construction for Ted B. Smith, on the job in question. He further testified that Mr. Williams stated to him at the time he received the asphalt that the same was to be used on the farm to market road. There is evidence that some of the asphalt was shipped by truck and all of the waybills and delivery sheets covering these shipments were signed by employees of the contractor, Ted B. Smith.

■ Mr. Caddell, an employee of appellee, testified fully as to the shipment of asphalt by appellee consigned to Ted B. Smith in care of the Highway Department, Merkel, Texas. There is evidence that Ted B. Smith was not doing any construction work at any place near Merkel except on the farm to market road in question. There is no evidence that any of the asphalt delivered to Ted B. Smith at Merkel was diverted and not used on the construction of the project involved. The evidence is such that the trial court could, and presumably did find, that all of the asphalt was used by Smith in the prosecution of the Taylor County project.

"It is not necessary for a materialman to prove by direct evidence that his supplies sold for the construction of the highway, being reasonably suitable and appropriate to it, were in fact so used, if this may be inferred from the circumstances." 40 C.J.S., Highways, § 210, p. 188.

■ We believe the fact of the use of the material upon the highway may be reasonably inferred from all the facts and circumstances in this case. Points One and Two are, therefore, overruled.

■■ Appellant attacks the sufficiency of the affidavit filed by appellee in the office of the County Clerk of Taylor County and contends it does not comply with Article 5160, R.C.S., Vernon's Ann.Civ.St. art. 5160, in that the account is not properly itemized. All that is required of the itemization is that it show with reasonable certainty the character and amount of materials furnished, dates when, and places where furnished and the value of same. We believe the affidavit is sufficient. The account attached thereto shows the name of the creditor, the place from which the material was shipped, the date, the invoice number, the gallons of each shipment, the price, the total amount charged and the destination or point of delivery. The account also specifies the project for which the shipments were made and is properly authenticated. Meyers v. Wood, 95 Tex. 67, 65 S.W. 174.

■ Appellant makes the further contention that the affidavit is insufficient for the reason the contractor named therein is "Ted B. Smith Construction Company, a corporation" when, as a matter of fact, the contractor was Ted B. Smith, an individual. There is no evidence that there was a "Ted B. Smith Construction Company, a corporation." The facts show that the contractor was Ted B. Smith, an individual.

"Literal exactness and rigid adherence to precise form are not required. As a rule a mistake in the statement as to the name of the person with whom claimant contracted or by whom he was employed, or a misconception or misdescription of the status of such person, or of his true relation to the owner, will not defeat the lien, where there is no intention to deceive and no one has been misled to his detriment; but it is otherwise when the mistake is of such a character as to be clearly misleading; * * *." 57 C.J.S., Mechanics' Liens, § 164, p. 699.

There is no showing that the bonding company was misled in any manner by the mistake made in the name of the contractor. The affidavit shows on its face that the material was furnished to the contractor on the road project at Merkel, Texas. There is no showing of any intention on the part of appellee to deceive the company or any one else. We overrule the contention and hold the affidavit sufficient.

All points of error raised have been carefully considered. We are of the opinion that reversible error is not presented in any of them and each is accordingly overruled.

The judgment of the trial court is affirmed.